## MASSACHUSETTS BONDING & INSURANCE CO. v. ROESSLER.

### No. 13645.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 17, 1937.

Rehearing Denied Jan. 14, 1938.

Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for appellant.

Thos. G. Murnane, of Dallas, for appellee.

SPEER, Justice.

E. E. Roessler instituted this suit in a Dallas county district court against Massachusetts Bonding & Insurance Company for expenses incurred in defending a damage suit filed and prosecuted by Thelma Griffin et al. against him in which damages were sought for the alleged negligent accidental death of Roosevelt Griffin, as set out in the pleadings of the last-mentioned cause.

Roessler recovered judgment below and Massachusetts Bonding & Insurance Company has appealed. In this opinion we shall refer to the above-named insurance company as appellant, and to Roessler as appellee, and to Thelma Griffin et al. as the Griffin heirs.

The appellee carried a liability and indemnity policy of insurance with appellant during the period of time covered by the matters complained of in the petition, covering appellee's liability for damages growing out of accidents to other persons under conditions provided for in the policy, and for expenses incurred investigating such alleged actions, including the defense thereof in court.

The appellant by its contract with appellee obligated itself to do certain things relating to the liability of appellee, and those parts of the policy deemed necessary for a proper discussion of the issue before us, are as follows:

"1. To indemnify the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries and/or death accidentally suffered or alleged to have been suffered, during the period of this policy, by any person or persons whomsoever, by reason of the ownership, maintenance or use of the premises described in statement 3 of the schedule, including sidewalks and other ways adjacent thereto, or by reason of the conduct of the assured, on said premises, of the business described in statement 3.

"2. To serve the assured, upon notice of such bodily injuries or death, by investigation thereof or by such negotiation or settlement of any resulting claims as may be deemed expedient by the company; and to defend, in the name and on behalf of the assured, suits brought on account of such claims, whether or not they are groundless, unless or until the company shall agree to effect settlement thereof.

"3. To pay, in addition to damages, all expenses incurred by the company for investigation, negotiation or defense; all costs taxed against the assured in any legal proceeding defended by the company; and all interest accruing after entry of judgment on the part of such judgment for which the company is liable. * * *"

The provisions of the policy above set out were subject to the following conditions (omitting those provisions not applicable to the case):

"A. This policy does not cover (1) any obligation of the assured assumed under or imposed by any Workmen's Compensation agreement, plan or law; * * * (3) loss from the liability for, or any suit for damages based on, injuries or death (a) suffered or * * *; (c) caused to any person, other than an employee of the assured, away from the insured premises by any draught or driving animal or any vehicle or the loading, unloading or using the same. * * *"

"D. The assured shall not voluntarily assume any liability nor incur any expense, except for such immediate surgical relief as shall be imperative at the time of an accident. The assured shall not settle any claim, except at the assured's own cost, nor shall the assured interfere in any negotiations for settlement nor in any proceeding, but, whenever requested by the company, the assured shall aid in securing information and evidence and the attendance of witnesses and shall co-operate with the company, except in a pecuniary way, in all matters which the company may deem necessary in the settlement of any claim, the defense of any suit, or the prosecution of any appeal."

An indorsement or rider was attached to the policy, containing, among other things, the following: "Covering employees excluded under Compensation Act."

"In consideration of the premium expressed in the policy to which this endorsement is attached, it is understood and agreed that said policy does not cover the liability of the assured for damages on account of accidental injuries or death to employees other than domestic servants and/or such other employees as do not

come within the provisions of any workmen's compensation agreement, plan or law in force in any state in which the assured is covered under said policy. * * *"

The policy shows the premises referred to were located about six miles northeast of Dallas, Tex., on the Ten Mile road, a quarter of mile east of the Croit road, and one mile west of the Richardson road, and that there was situated thereon a dwelling and some outhouses.

The foregoing mentioned policy of insurance was specially plead by appellee, the petition containing additional allegations to the effect that the premises referred to, as was known to appellant, consisted of about ten acres of land and the sidewalks and other ways incidental thereto, comprising a small farm; that appellee was engaged in a manufacturing business in the city of Dallas, and was preparing the premises mentioned, in a suitable way, to be occupied as a home. In doing so it was necessary for him to, and he did from time to time, hire casual domestic and farm labor on a daily and hourly scale basis; that all said laborers worked under his direction or that of a colored foreman or overseer; that during the life of the policy he hired several negroes to do said work, among them one Roosevelt Griffin; that Griffin did such work on the place when hired, as he was directed to do, incidental to the improvement and maintenance of said property; that appellee was not, at the time, engaged in the gravel or gravel hauling business, further than to purchase, have hauled, and spread upon the roadways, such gravel as was necessary in the use and maintenance of the property; that none of said negroes were employed by appellee in connection with the regular course of the business in which he was engaged, but only casually and incidentally as their services were needed and useful to him in preparing the premises for uses contemplated by him.

Appellee further alleged that incidental to the use and maintenance of the farm it was essential to lay out roadways and driveways thereon and that they be covered with gravel; that he therefore contracted with one Will Harper to place an amount of gravel thereon at $1 per cubic yard; that Harper was to procure, haul, and spread the gravel where directed by appellee or his said foreman; that said Harper hired a large number of common laborers to assist him in the work, and among them was Roosevelt Griffin; that although appellee had previously hired the said Griffin at different times to do such labor as was pointed out to him, Griffin was not in his employ on the date he met his death; that on December 17, 1935, while Griffin was in the employ of Harper and engaged in digging gravel in a pit a mile from appellee's premises, preparatory to be loaded into Harper's trucks and hauled thence to appellee's premises, a dirt bank at the gravel pit caved and covered Griffin, from which he received injuries resulting in his death; that at the time Griffin was killed the said Harper had more than three employees working for him in digging, loading, and hauling the gravel to appellee's premises; that immediately upon learning of the death of Griffin, appellee notified appellant, and it investigated the circumstances surrounding Griffin's death and ascertained all the facts connected therewith.

Appellee further alleged that shortly after the death of Griffin his heirs, on February 11, 1936, instituted suit in the district court of Dallas county against appellee for $100,000 damages. The petition of the Griffin heirs was set out, haec verba, as part of appellee's petition in the instant case. By that petition it was claimed Griffin was in the employ of appellee, engaged in digging, hauling, and spreading gravel on appellee's premises, consisting of a small farm, charging appellee with knowledge of its location; that he was required to work at the gravel pit under the direction of appellee's foreman, and that appellee was negligent in requiring Griffin to work in the pit at a time when the overhanging banks of dirt created a hazard to the life of employees like Griffin; other allegations of negligence were made, such as the failure of appellee to apprise Griffin of the dangers incidental to the condition of the gravel pit and the overhanging dirt bank, and in requiring Griffin to work in the dangerous position at which he received his injuries. The eleventh paragraph of said petition was as follows: "That the defendant (appellee) at said time and place herein complained of, had more than three employees in his employ; that the said defendant did not carry Workmen's Compensation insurance, as provided by law, and was not subject to any of the exceptions in the law requiring the defendant to so carry Workmen's Compensation insurance."

Further allegations were made by appellee here, that upon being served with process in said cause, he promptly delivered it to appellant with the request that it take charge of the investigation, prepare and make the necessary defense to the suit; that appellant declined to comply with the request, and, because of its declination, appellee was forced to incur the expense incident thereto, for his own protection; that appellant breached its contract and appellee · suffered the damages incurred by him in defending the suit; that the necessary and reasonable expenses incurred by appellee because of the wrongful conduct of appellant was $609.25.

The appellant answered with general demurrer, and general denial.

There is a stipulation in the record, entered into between the parties with permission of the court, with respect to the facts, as follows: "All allegations and recitals of fact set forth in plaintiff's original petition, less and except conclusions of law tendered by the pleader, are true and correct, and are approved and adopted as the agreed statement of facts upon which this case shall be submitted and tried before the court without a jury."

Upon these pleadings and stipulations the case was submitted to the court in the manner agreed upon. Judgment was entered for appellee in the amount prayed for. Appellant excepted, gave notice of and perfected an appeal to the Dallas Court of Appeals, and by order of the Supreme Court the cause has been transferred to this court for determination.

The appeal is predicated upon three assignments of error, properly designated as both assignments and propositions; they are in substance:

1. The court erred in concluding as a matter of law that Griffin's death occurring at the gravel pit a mile from the insured premises, as a result of a cave-in, while employed by an independent contractor to haul and spread gravel on the roadways of appellee's farm, was a death suffered "by reason of the ownership, maintenance and use of the premises, or by reason of the conduct of the assured (appellee) on said premises, of the business described."

2. The court erred in rendering judgment against appellant for expenses incurred by appellee for defending a suit instituted by the Griffin heirs, when the petition in that suit sought a recovery against appellee for the death of Roosevelt Griffin while he and more than three other negroes were employed by appellee to dig, haul, and spread gravel on the premises, resulting from the negligence of appellee in failing to furnish Griffin with a safe place to work, for the reason such injury was shown to have been one covered by the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., and specially excepted from coverage under the terms of the policy.

3. The contract only required the appellant to defend suits alleging facts "whether or not they are groundless" making for coverage under the policy. And it was error for the court to hold appellant was obligated to defend suits brought on "Account of such claims, whether or not they are groundless," which do not bring the case within the coverage, under the contract.

■ It is settled, by the laws of this state, that a contract of insurance, prepared by the insurer, will be liberally construed in favor of the insured and strictly construed as against the insurer. With this principle before us we must arrive at the mutual intentions of the parties to this contract.

■ By its first assignment of error appellant complains that the trial court found, that because Griffin lost his life while working for an independent contractor, employed by appellee to do certain things relating to the insured premises, it was a death suffered "by reason of the ownership, maintenance and use of the premises," by appellee. We do not so construe the judgment of the court. In this case, under the facts agreed to be true, the effect of the judgment is that the Griffin heirs brought a suit against appellee claiming damages as a result of certain conditions arising, "by reason of the ownership, maintenance and use of the premises" by appellee, and that, under the terms of the policy, appellant had obligated itself to pay the expenses of defending such a suit, whether groundless or not; having refused to defend the suit the court held appellant liable for the necessary expense incurred by appellee therein.

By reference to the petition filed by the Griffin heirs, which, by agreement, constitutes a part of the facts in this case, it will be seen that a real cause of action against

appellee was shown to exist. If they could have proven their allegations, they doubtless would have recovered. We think we do the record no violence when we assume there was no recovery in the Griffin case; yet we think it safe to say that, if there had been a recovery, this action would not have been alone for the expenses incurred defending the suit. The responsibility of appellant to defend the suit depended upon whether or not the allegations in the Griffin petition presented a cause of action against appellee by reason of his ownership, maintenance, and use of the premises covered by the policy. The petition charged that appellee had employed Griffin to dig, haul, and spread gravel on the drives and roadways of this particular farm. The appellant investigated the facts surrounding these allegations and found those pertaining to Griffin's employment by appellee were untrue; with this knowledge, it declined to defend the suit. In the case at bar, appellee alleged that, as an incident to his ownership, maintenance, and use of the insured premises, it was necessary to have and maintain suitable roads and driveways through the property and that they should be covered with gravel; allegations were made that appellant had full knowledge of these facts when it declined to defend the suit; under the stipulations in the record, these allegations became facts. It cannot be said that the judgment in this case evidences a finding by the trial court that, because Griffin met his death while working in a gravel pit under an independent contractor, a mile from the insured premises, it became a death suffered by reason of ownership, maintenance, and use of the premises by appellee. The judgment rendered in this case does no more than to say in effect that the Griffin petition alleged facts, which if true would warrant a recovery against appellee. We see no merit in the assignment of error as presented, and it is overruled.

The second and third assignments of error cover a phase of the case so closely related we shall discuss them together. It is contended under the second assignment that the Griffin petition disclosed appellee had more than three employees engaged in digging, hauling, and spreading gravel on the premises, and was subject to the laws controlling workmen's compensation insurance, and that he carried none; that, because the policy of insurance excepted appellant from liability under such conditions, it was under no legal duty to defend such a suit. Under the third assignment it is complained that, since the Griffin petition disclosed a condition, in the matters last above mentioned, which would exempt appellant from liability, it relied upon the facts therein set out.

We have quoted, in the early part of this opinion, the only reference made in the Griffin petition to workmen's compensation insurance. It will be noted therefrom that the only purported fact alleged is, "That the defendant (appellee here) at said time and place herein complained of, had more than three employees in his employ; that the defendant did not carry Workmen's Compensation Insurance as provided by law." As a conclusion of law by the pleader, they added: "And was not subject to any of the exceptions in the law requiring the defendant to so carry Workmen's Compensation Insurance." The laws of this state control who shall, and who shall not, be required to carry compensation insurance. Article 8306, § 2, Rev.Civ. Statutes. Under the provisions of the statute above cited we find those employing domestic servants and farm laborers are not included in the general provisions of the law requiring workmen's compensation insurance. No facts are alleged in the Griffin petition to support the statement that no exceptions existed in favor of appellee. The appellant had investigated and knew the facts; they are set out in appellee's petition in this case, and appellant is bound by them. It knew appellee was preparing the premises for farm purposes and that all employees thereon were either domestic or farm laborers and that he was not subject to the Workmen's Compensation Act. Under these conditions it could not ignore the Griffin suit because it contained an allegation to the contrary, especially when that allegation was clearly a conclusion of the pleader both as to facts and law; such conclusions are not embraced within the stipulation and have no force or effect in this appeal. We think there is a very clear distinction between the facts in this case and those in U. S. Fidelity & Guaranty Co. v. Baldwin Motor Co., Tex.Com.App., 34 S.W.2d 815. There one Rogers had sued the motor company for damages growing out of an injury received from the negligent acts of a driver of a car, alleged to be less than 16 years of age, employed by the company at its

garage in Lufkin, Tex.; the policy sold to the motor company covered only named places where it operated garages and did not include Lufkin, Tex., and the contract excepted liability for damages resulting from the acts of persons less than 16 years of age. It was there held the Rogers petition did not cover a liability for which the insurer was responsible; this condition does not appear in the instant case. The Griffin petition did cover liabilities assumed by the insurer unless they were excepted by the allegation mentioned, concerning workmen's compensation; but, as we have seen, this allegation was a conclusion of law by the pleader and is not to be included in the facts proved.

Many cases are cited by appellant, which by the analogies drawn, are claimed to support its contention; but in those cases matters of liability for damages purported to be indemnified are discussed and we do not agree with the application made to the nature of the case at bar. We shall have occasion later in this opinion to refer to this phase of it.

By a third assignment, a very fine spun technical contention is made. It is there contended that the company was only required to defend suits alleging facts, "whether or not they are groundless," making for coverage under the policy, but not to defend suits brought on "account of such claims, whether or not they are groundless" when the allegations do not bring the case within the coverage. Evidently this challenge is made to the Griffin case, because of the reference to workmen's compensation insurance.

■ As above indicated by us, the petition in the Griffin case alleged common-law negligence and damages proximately resulting therefrom, and concluded with the paragraph quoted, relating to that kind of insurance. If the allegations of negligence had been proven, and a court or jury had found against the part of the petition charging a necessity for workmen's compensation insurance, the plaintiffs in that suit could have recovered. The appellant could not assume that such a finding would not happen, and thus refuse to defend the suit; but it was its duty to contest the case and defend against every contingency therein raised. Naturally there was a risk incurred if it should do so, but it was one of the hazards it assumed when it issued the policy and accepted the premiums. Continental Paper Bag Co. v. Bosworth, Tex.Com.App., 276 S.W. 170, 173, 174. In the last case cited the court discussed the assumed liability of the insurer in making a defense of a case in which it might not have been liable, as well as the expense of making the defense, and used this language: "And, too, if it [the company] should have been of the opinion that the claim was not of the class protected by its policy—for instance, did not occur in the covered premises—and should therefore have refused to defend, and it should truly have turned out that its opinion was correct, it would not be liable, under the wording of this policy, for either the principal amount or for any of the expenses. Some risk in these respects it was paid to take. There is no unfairness in the ruling that has been made, because both in the making of its contract and in its action in pursuance of it the company could have protected itself from any unreasonable hurt."

Along the same line is the case of South Knoxville Brick Co. v. Empire State Surety Co., 126 Tenn. 402, 150 S.W. 92, 94, Ann.Cas.1913E, 107, where it is said: "This company cannot be permitted to declare in advance of trial that a suit is groundless, and therefore without the policy. To so hold would leave the assured helpless. The courts might reach a different conclusion from the company, and render judgment against the assured, and yet, upon the reasoning of counsel, assured would be without redress on its policy, because, in the company's opinion, the suit was without merit."

■ We think there is a distinction between the liability of the insurer to ultimately indemnify the insured for losses assessed in damages, and for expenses incurred, in investigating, preparing the case, and finally trying it. In the former, if the action is defeated there is no indemnity, on that account, to be paid; but it does not follow that, because there had never been any liability on the part of the insured, the company was not still obligated to bear the expense of establishing that fact. This is one of the things it contracted to do. If such an assumption should be indulged, it might lead to the absurd contention by some, that, if the company defended the suit at a heavy expense and it should be determined there had never been any liability as against the assured, the company would be entitled to recover back

from the assured the expenses thus incurred. No one would seriously contend that such a rule should prevail.

At the time appellant refused the citation and declared it would not defend the suit by the Griffin heirs, the facts show it had investigated, and was familiar with, all the circumstances surrounding Griffin's death, and knew appellee had not in fact employed Griffin upon the occasion of his death; that appellee had only employed domestic and farm laborers on occasions when he deemed it expedient for the preparation of his farm to be owned, maintained, and used by him; that appellee had been guilty of no negligence to render him liable for the accident; yet none of these facts were disclosed by the Griffin petition. We think the company was obligated under the contract to defend the suit and disclose the facts in its possession, and that a failure on its part was a breach of the contract for which it was liable to appellee. The amount of expense incurred by appellee in defending the Griffin suit is not questioned, and judgment was rendered for the amount claimed. We see no error in the record for which the judgment should be reversed, and we therefore overrule all assignments of error and affirm the judgment of the trial court. The judgment is, accordingly, affirmed.