### TRINITY UNIVERSAL INSURANCE CO., Appellant,

### v.

### R. J. BETHANCOURT, Appellee.

### No. 6933.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 9, 1959.

James J. Sheerin, Dallas, for appellant.

Coon & Hoffman, Dallas, for appellee.

DENTON, Chief Justice.

R. J. Bethancourt, appellee, instituted this suit in Dallas County Court at Law No. 2 against Trinity Universal Insurance Company for expenses incurred in defending a damage suit filed against him by George M. Young and Mohr Chevrolet Company of Dallas, Texas, in which damages were sought for assault and battery and slander alleged to have been committed against Young and Mohr Chevrolet Company by Bethancourt. In this opinion we shall refer to the above named insurance company as appellant and to Bethancourt as appellee.

The appellant had issued a fire insurance policy to appellee with the comprehensive personal liability attachment. It is undisputed that the coverage was in full force and effect at the time of the incident relative to the matter under consideration here. The comprehensive personal liability policy is commonly known as CPD–5, coverage Group C and the part of the policy necessary for our discussion here reads as follows: "This coverage does not apply: (c) to injury, sickness, disease, death or destruction caused intentionally by or at the discretion of the insured."

On December 17, 1957, the appellee, the insured, went to the Mohr Chevrolet Company to get his automobile which he had previously left there for repairs and adjustments. In the discussion that followed between appellee and Mr. Young, an employee of the company, an argument and scuffle ensued between the two. As a result of this argument a damage suit was filed December 26, 1957, by Mr. Young and the Mohr Chevrolet Company against appellee in which the plaintiffs' petition alleges certain acts of appellee constituted assault and battery. Upon being served with a citation and a copy of the original petition, appellee took them to appellant for the purpose of defending the suit. The appellant took a lengthy statement from appellee in which he denied committing an assault upon Mr. Young. Appellant then denied coverage under the terms of the policy because of the exclusion set out above and refused to defend appellee in the suit. Appellee then employed his attorney of record in this case to defend the damage suit brought by

Young and the company. The damage suit was disposed of on November 20, 1958, by way of a settlement whereby Young and the company paid appellee the sum of $1,000 on his cross-action and an order of dismissal was entered on the date above referred to. On January 28, 1959, appellee brought this suit against the appellant for attorney's fees incurred in defending the original suit brought against him. It was stipulated that $333.33 was a reasonable and necessary attorney fee for the defense of the damage suit. Appellant's answer in this case again denies liability, alleging the exclusion clause as set out in Group C of the policy. This is the same position it took at the time the original third party damage suit was instituted.

The case was tried before the court without a jury. The trial court entered a judgment for appellee in the amount prayed for. Appellant excepted and gave notice of appeal to the Dallas Court of Civil Appeals and by order of the Supreme Court the case has been transferred to this court for determination. The appellant brings forward four points of error as follows:

1. The Court erred in finding as a conclusion of law that the suit filed against appellee herein by George M. Young and Mohr Chevrolet Company was within Coverage C of said policy insuring against personal injury.

2. The Court erred in finding as a conclusion of law that the exclusion relating to: "injury, sickness, disease, death or destruction caused intentionally by or at the discretion of the insured" did not apply to the suit and claim in question.

3. The Court erred in finding as a conclusion of law that under the applicable law defendant was obligated to defend said plaintiff at its own expense.

4. The Court erred in finding that the defendant is indebted to plaintiff for the sum of $333.33 in said insurance contract.

All four points of error involve substantially the same question of law, hence they will be considered together.

█ As in the case of provisions for forfeiture, exceptions and words of limitation in the nature of exceptions in an insurance policy are strictly construed against the insurer. 24-B Tex.Jur., Sec. 31, page 102 and numerous cases cited therein. With this well established principle of law recognized, we will examine the exception in the insurance policy pleaded in the case before us.

The sole question to be determined here is whether or not the appellant was legally obligated to defend the original damage suit filed against appellee by Young and Mohr Chevrolet Company. It is undisputed that there was a clear conflict between the allegations set out in the petition by Young and the company, and the facts as they actually existed and could have been determined by a reasonable investigation. It is appellant's contention here that its duty to defend appellee in an action brought against him by a third person is determined solely by the allegations in the petition without regard to what the facts may be, or what an investigation may show them to be. It cites as authority for this position the cases of Maryland Casualty v. Moritz, Tex.Civ. App., 138 S.W.2d 1095 and MacDonald v. United Pacific Ins. Co., 210 Or. 395, 311 P. 2d 425 and other cases from other jurisdictions which we do not deem necessary to cite in this opinion. Many of these cases seem to substantiate appellant's position, but upon careful examination of those cases it is apparent that they are based on the situation in which there is no conflict between the facts as alleged in the petition and the actual facts as they are known or are ascertainable by the insurer. Also, in the Moritz case, the court construed the allegations in the third party's petition as broad enough to state a cause of action against Moritz, which came within the terms of the insurance policy. Thus the Moritz case held the insurance company was liable for

expenses incurred in defending the third party's damage suit. We therefore do not think the Moritz or MacDonald cases are controlling here.

The trial court found in its findings of fact that appellant caused an investigation to be made, and it further found that if appellant had made a reasonable investigation of the facts it would have determined that appellee did not commit any of the acts alleged in the petition and therefore determined that he did not cause any "injury, sickness, disease, death or destruction" to either George M. Young or Mohr Chevrolet Company either intentionally or otherwise. The appellee was the only witness to testify in this case to explain what actually took place at the time of the alleged assault.

Assuming that the petition alleged facts which would relieve appellant of the duty to defend the damage suit filed against appellee, we think the appellant was under a duty to ascertain the facts of the alleged cause of action before declining to defend the suit. In fact, in a letter dated December 27, 1957, addressed to appellee, the district claims manager of appellant company stated that, "After checking all facts and circumstances" the company found the situation was not covered by the policy provisions and refused to defend the suit, and he further urged appellee to employee his own counsel to defend the action. At the time the appellant refused to defend the suit it had before it both the petition of the third party and other information relative to the incident. It was undisputed that there was a variance between the allegations of the petition and the known or ascertainable facts. We therefore think the appellant was obligated under the terms of the insurance policy as set out under Coverage C to defend the suit. Massachusetts Bonding and Ins. Co. v. Roessler, Tex.Civ.App., 112 S.W.2d 275. In our opinion, the Roessler case is controlling in the situation here where there is a variance between the allegations of the petition and the known or ascertainable facts.

There is no dispute as to the amount of expenses incurred by appellee in defending the suit and the trial court awarded the amount prayed for.

Under the record before us, we see no error and we therefore overrule all points of error and affirm the judgment of the trial court.

Affirmed.