The TRAVELERS INSURANCE COMPANY

v.

Lee E. NEWSOM d/b/a The Rib.

No. 7129.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 4, 1961.

Rehearing Denied Jan. 15, 1962.

Thompson, Knight, Wright & Simmons, Dallas, for appellant.

Grady, Johnson & Smith, Dallas, for appellee.

CHAPMAN, Justice.

Lee E. Newsom, a restaurateur in the city of Dallas, d/b/a The Rib, instituted this action against The Travelers Insurance Co.[1] for alleged breach of the provisions of a comprehensive liability insurance policy theretofore issued to him by Travelers. He sought to recover attorneys' fees and costs incurred by him in conducting his own defense of an action brought against him by a customer. The case was tried to the court and a judgment entered for Mr. Newsom against Travelers. The company appealed the case to the Dallas Court of Civil Appeals and the Supreme Court transferred the case to us for our determination.

Within the life of the subject insurance policy the above mentioned customer, Paul T. Pohley, brought suit against appellee based upon an incident which allegedly occurred in appellee's restaurant. He timely presented the Pohley pleadings to appellant and asked that the company defend him. After studying the petition appellant refused to defend the cause on the grounds that the petition alleged a claim expressly excluded from the coverage of the policy.

The policy of insurance upon which appellee sought to require appellant to defend the Pohley action against him was issued by Travelers in connection with appellee's conduct of his restaurant business at 5741 Lover's Lane in Dallas known as The Rib. Section 1 Coverage A under "Insuring Agreements" of the policy provided the company would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of *bodily injury, sickness or disease* * * * *sustained by any person and caused by accident.*"[2]

Section 2(a) of the policy under "Insuring Agreements" provided:

"With respect to such insurance as is afforded by this policy, the company shall:

"(a) defend any suit against the insured *alleging* such injury, sickness, disease or destruction and seeking damages on account thereof even if such suit is groundless, false or fraudulent * * *."

However, by endorsement No. 1721A (G38), amending the policy, it was provided that:

"*The policy does not apply to injury caused intentionally by or at the direction of the insured.*"

Section (d) of the "Definitions" in the insurance contract provides:

"ASSAULT AND BATTERY. Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

The customer's petition against appellee, after alleging in effect that while he and his wife were guests in the restaurant they received poor and discourteous service,

---

1. The Travelers Insurance Co. will be hereinafter referred to as Travelers, appellant or "the company."

2. All emphasis shown herein is ours unless otherwise designated.

then alleged: "Defendant, then and there, physically prevented plaintiff and his wife from leaving, grabbing plaintiff by his coat collar with both hands in a violent manner and *commenced making threats of physical violence.*"

Thus, it is readily apparent from the pleadings that actual bodily injury was not alleged except in the allegation constituting assault and battery, which the policy provides shall be deemed an accident, and therefore within the coverage, *unless committed by or at the direction of the insured.* The pleadings clearly allege the assault and battery was committed by the insured, constituting an exclusion provided in the policy.

It is also to be noticed that the policy provided the company would defend any suit against the insured *alleging* such injury, sickness, disease or destruction.

■ The great weight of authority both in Texas and in most other jurisdictions has consistently held that in policies wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy, even though such suit may have been groundless, false or fraudulent, *the test of the liability of the insurer to defend depends upon the allegations of the plaintiff's petition.*[3] In an exhaustive search of all jurisdictions this writer has found but few exceptions to the rule just announced.[4] The only Texas case we consider completely contrary to the

great weight of authority is the Bethancourt case by our court just cited, and which holds that even though the petition against the insured alleged a state of facts excluded by the policy[5] the insurer is under an obligation to ascertain the facts before declining to defend, and that if the investigation reveals the allegations concerning the exclusion are not true the insurer is obligated to defend regardless of the allegations of the complaint. As stated in 50 A.L.R.2d Sec. 17, p. 497, these cases contrary to the weight of authority are confined mostly to Missouri, Oklahoma and Pennsylvania. They are cited in the dissenting opinion.

Both the Hildebrandt case from Oklahoma in the 10th Circuit and the Mc-Gettrick case in the 2nd Circuit, cited in the dissenting opinion, are contrary to the Shantz case in our own 5th Circuit. The Briscoe case by the Supreme Court of Oklahoma, cited in the dissenting opinion, wherein it holds with the minority is dictum. In the Breeding case by the Supreme Court of Oklahoma, cited in the dissent, recovery against the insurance company was denied. In the Roessler case by the Ft. Worth Court of Civil Appeals the insurance company had itself investigated and found the facts contrary to the allegations, which allegations were themselves conclusions of the pleader. No such situation exists in the instant case. Here the insured made the investigation and was asking the company to take as true his own investigations showing contrary to the allegations.

---

3. Maryland Casualty Co. v. Moritz, Tex. Civ.App., 138 S.W.2d 1095 (writ refused); Farmers Cooperative Soc. No. 1 of Quanah v. Maryland Casualty Co., Tex.Civ.App., 135 S.W.2d 1033 (NWH); West Texas Stone Co. v. Employers Casualty Co., Tex.Civ.App., 178 S.W.2d 168 (refused W.M.); U. S. Fidelity & Guaranty Co. v. Baldwin Motor Co., 34 S.W. 2d 815 (Com.App.); General Insurance Corp. v. Harris, 327 S.W.2d 651 (N.W.H.); Soper v. Fidelity & Casualty Co. of New York, 198 Misc. 1117, 101 N.Y.S.2d 581; Boyle v. National Casualty So., D.C.Mun.App., 84 A.2d 614; MacDonald v. United Pacific Insurance Co., 210 Or. 395, 311 P.2d 425 (Sup.

Court of Oregon); Hardware Mutual Casualty Co. v. Schantz, 186 F.2d 868 (5 Cir.).

4. Trinity Universal Insurance Co. v. Bethancourt, Tex.Civ.App., 331 S.W.2d 943 (N.W.H.), and the Roessler case therein cited; McGettrick v. Fidelity & Casualty Co. of New York, 264 F.2d 883 (2 Cir.); cases cited from Missouri and Pennsylvania in the dissenting opinion.

5. In our case the exclusion clause is brought into being by an allegation that the assault and battery was committed by or at the direction of the insured.

In the Baldwin Motor Co. case by our Commission of Appeals, cited in the footnote, the insurance policy provided it did not cover injuries or damages caused by an automobile operated by any person under 16 years of age. The petition alleges it was being driven by a boy 15 years of age. The court held:

"The pleadings in the Rogers case did not present a cause of action which the insurance company was required to defend, under the terms of the policy.

" * * * the liability of the insurance company is not dependent upon any recovery Mr. and Mrs. Rogers might be entitled to, upon proof of any of the material facts they pleaded, *but dependent upon whether the averments in the petition showed a state of facts excepted from the hazards insured against in the policy.* Tested by such averments, the insurance company could not be called upon to defend a petition which upon its face alleged a state of facts not covered, but excluded, by the policy.

"The insurance company, it is true, contracted to defend all, but only, suits covered by the policy, whether groundless or not."

There is not any statement, or even an intimation in the opinion to indicate the insurer was under an obligation to "ascertain the facts of the alleged cause of action before declining to defend the suit," as our court said in the Bethancourt case.

In the Moritz case cited in the footnote the Austin Court of Civil Appeals in an opinion approved by the Supreme Court with a "writ refused" said:

"The issue involved depends * * upon the provisions of the policy wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy even though such suit may have been groundless, false or fraudulent. In such instance, in testing the liability of the insurer to defend, the proof is not material. Liability depends upon the allegations of the plaintiff's petition. *But if, as stated in the Baldwin Motor Company case, such petition shows a state of facts 'excluded by the policy,' the insurer is not required to defend."*

In the Shantz case by the 5th Circuit, cited in the footnote, Justice Borah speaking for that court said:

"The policy in suit is one of indemnity. It bound appellant to defend suits for damages arising from causes and under conditions specified in the policy. *It is a well established rule that the insurer under such a policy cannot be called upon to defend a suit against the assured in which the petition upon its face alleges a state of facts not caused by but excluded from the provisions of the policy."*

Cases from other jurisdictions, with the exception of those above mentioned, have consistently held with the overwhelming weight of the Texas authorities. In the Boyle case cited in the footnote the Municipal Court of Appeals for the District of Columbia held:

"The obligation of the insurance company to defend an action against insured, as distinguished from its obligation to pay a judgment in that action, by the overwhelming weight of authority is to be determined by the allegations of the complaint. *This obligation is not affected by facts ascertained before suit or developed in the process of litigation or by the ultimate outcome of the suit.* If the allegations of the complaint state a cause of action within the coverage of the policy the insurance company must defend. On the other hand, *if the complaint alleges a liability not within the coverage of the policy, the insurance company is not required to defend.* In case of doubt such doubt ought to be resolved in the insured's favor.

"In the instant case it is plain that Pine's complaint *alleged* a personal assault and battery committed by the insured and it is also plain that such a claim was outside the policy coverage. Under the test above stated, it follows that the insurance company was not obligated to defend."

In the Soper case cited the Supreme Court of Green County, New York said:

"The test of coverage is determined by the complaint in the assault action. If that complaint *alleged* a cause of action by reason of an accident insured against, then the defendant was required to defend the same, even if the action was groundless. On the other hand, *if such complaint alleged a cause of action by reason of matters not covered by the insuring agreements of the policy, then the defendant was not bound to defend the same, whether it was a bona fide suit or a groundless one.*

"The insuring agreement to defend refers to a suit *alleging 'such injury'*. The injury thus referred to is one arising from accident. The insuring agreement, as we have seen, deems as an accident, within the coverage of the policy, an assault, *provided that such assault was not committed by an individual insured.* The complaint in the assault action alleges that the assault was committed by the insured. Hence it does not allege an accident within the coverage of the policy. Since the action therefore was not for 'such injury', i. e. an injury arising from an accident, within the coverage of the policy, no obligation existed to defend that action." (Last emphasis by that court.)

Perhaps the case nearest to ours upon the facts is the MacDonald case by the Supreme Court of Oregon cited in footnote 3. Justice Brand speaking for that court said:

"In this case the only charge stated in the complaint which was filed against Macdonald was that of assault and battery. There was no issue presented in the pleadings in that litigation which could have brought the case within the coverage of the policy. The action against Macdonald was for damages for 'injury * * * caused intentionally * * * by the insured.' Such an action was outside the general coverage of the policy whether it was a valid claim or was false and fraudulent. Defendant had no duty to defend. * * * *Plaintiff argues at great length that the insured should have the opportunity to present his case in court when he alleges that the third party suits are false and fraudulent.* We agree that if a suit is brought against the insured *alleging* acts which are within the coverage of the policy the insurer must defend, whether the suits are or are not false and fraudulent. *But* this is not such a case."

Our own court in 1939 speaking through Justice Stokes in Farmers Cooperative Soc. No. 1 of Quanah v. Maryland Casualty Co., supra, said: "Such policies or contracts of insurance should be construed most favorably to the insured, but they must not be so construed as to substitute a new contract for the one made in plain and unambiguous language by the parties themselves." This court then held:

"[8] The policy here involved is one of indemnity. It bound appellee to defend suits for damages arising from causes and under conditions specified in the policy. It has been held, and is a well established rule, that the insurer under such a policy cannot be called upon to defend a suit against the insured in which the petition upon its face alleges a state of facts not covered by, but excluded from, the provisions of the policy."

In section 17, page 497 of 50 A.L.R.2d under "Liability Insurer—Duty to Defend"

the text writer in paragraph 1 thereof suggests that the general rule obligating the insurer to defend the suit being dependent upon the facts as alleged in the petition, does not take into account the possibility that a divergence may exist in the facts alleged and the actual facts as they are known to or ascertainable by the insurer. However, in the next paragraph the text says:

"There are, however, a number of cases in which the question was expressly in issue whether or not the allegations in the complaint against the insured determined the insurer's liability to defend where such allegations are in conflict with the actual facts as known to or ascertainable by the insurer. *These cases are in direct conflict with each other, with California, Massachusetts, Mississippi, Ohio, Rhode Island, and the District of Columbia, adhering to the more logical view that the allegations in the complaint remain determinative of the insurer's duty to defend even though the actual facts are to the contrary.* * * *"

■ We pose the question: Why is the duty of the insurer to defend determinative of the allegations in the third party's complaint? We answer our own question with the very logical conclusion that the contract so provides wherein its says, "the company shall defend any suit against the insured *alleging such injuries* * * *." That is the coverage paid for by the insured.

■ We, of course, are familiar with the well established rule that contracts of insurance should be construed more strictly against the insurer and more liberally in favor of the insured.[6] But there is another

rule equally well established, which is that where the language in an insurance policy is plain and unambiguous the courts must enforce the contract as made by the parties.[7] In the Miles case cited in the footnote the Supreme Court said: "When the language of the contract of insurance is unambiguous and is, therefore, susceptible of but one reasonable construction the courts must interpret it as made."

■ The clause in this policy providing the insurer will defend any suit *"alleging such injury"* is susceptible of only one meaning. There is not any language in this contract that could by any stretch of the imagination possibly be interpreted to mean that the insured was obligated to investigate the truthfulness of the third party's allegations or to take as true statements procured by the insured, which he would naturally be expected to show favorably to himself. To do so would require the insurer to make a decision as to whether the customer's allegations were true or the statements produced by the insured were true, whereas, the proper decision for the insurer to make is whether the complaint of the third party *alleges* "such injuries." The insurer makes that decision at his peril.

The text writer in 50 A.L.R.2d Sec. 17, supra, also makes the statement that Texas follows the opposite view to "the more logical view that the allegations in the complaint remain determinative of the insurer's duty to defend even though the actual facts are to the contrary," later citing Mass. Bonding & Insurance Co. v. Roessler, Tex. Civ.App., 112 S.W.2d 275 (writ dismissed) as authority for the statement. This text was apparently written before we announced our Bethancourt case.

Other well known texts follow our majority holding herein. It has been textually

---

6. Providence Washington Ins. Co. v. Proffitt et al., 150 Tex. 207, 239 S.W.2d 379; Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762.

7. Farmers Cooperative Soc. No. 1 of Quanah v. Maryland Casualty Co., supra

(N.W.H.); Minnesota Mut. Life Ins. Co. v. Newman, Tex.Civ.App., 157 S.W.2d 667 (writ refused); U. S. Fidelity & Guaranty v. Baldwin Motor Co., supra; United Service Automobile Ass'n v. Miles, 139 Tex. 138, 161 S.W.2d 1048 (Com. App. adopted).

stated in Appleman Insurance Law & Practice, Vol. 8, Sec. 4683, under Duties of Insurer, pages 8 and 9 as follows: "An insurer's duty to defend an action against the insured is measured by the allegations in the plaintiff's pleadings, * * *. Or, as some courts have expressed it, the language of the policy and the allegations of the complaint must be construed, to determine the insurer's obligation."

The policy here under consideration provides the insurer shall defend any suit against the insured *alleging* "such injury" even if such suit is groundless, false or fraudulent. Could we then say if the suit alleged a cause of action but an investigation showed it to be a groundless, false and fraudulent allegation the insurer was under no obligation to defend? Certainly we could not, because it would be contrary to the insurance contract. Yet, to so hold would be just as logical as it would to hold that despite the provisions of the contract obligating the insurer to defend only those suits *alleging* "such injury" the insurer must ascertain the facts, and if they are contrary to the complaint it must defend regardless of the policy provisions.

■ The majority believe we were in error in the Bethancourt case and are unwilling to compound that error by following it against all the great weight of authority to the contrary in Texas and the great weight of authority in other jurisdictions. To follow it would require us to extend the doctrine so long adhered to in testing the obligations of the insurer to defend by the allegations of the plaintiff's petition. We prefer to follow the rule which, as textually stated in A.L.R., *is the more logical view*. Additionally, we feel particularly obligated to follow the principles of law declared in the Moritz case cited in footnote 3. That case was decided since 1927, so we must give the rules of law announced therein the same consideration as we would had they been made by our Supreme Court. City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308, 312; 15 T.J.2d 600, Sec. 139.

Appellee by brief urges. the contention that the petition alleged tortious acts of appellee's waiter against him and that "such wrongful and malicious conduct resulted in actual damage * * * by reason of * * * physical violence on his body * * *."

■ Physical violence is the only condition of those mentioned that is covered by the policy. With respect to the waiter the petition alleged:

"Said waiter and the Defendant personally commenced a course of conduct against Plaintiff and his wife destroying any possibility of consuming said meal in a favorable atmosphere; to wit, the entire meal was brought to the table at one time instead of the usual courses; the fire under the meat went out and the waiter refused to relight it; additional salad was requested but refused; a coffee refill was requested but refused; said waiter and Defendant started staring at Plaintiffs, with arms folded, and in close proximity to Plaintiff;"

Obviously such pleading did not allege assault and battery by the waiter.

The action of the waiter in standing in close proximity to the customer with his arms folded could not be an assault and battery. That offense is statutorily defined as follows:

"The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault." Vernon's Ann. P.C. art. 1138.

Accordingly, the judgment of the trial court is reversed and rendered for appellant, and that appellee take nothing.

NORTHCUTT, Justice (concurring).

I concur in the opinion reversing and rendering this case. I am of the opinion the special attached endorsement No. 1721 (G 38) providing that the policy did not apply to injury caused intentionally by or at the direction of the insured would take precedence over any provision of the main policy contrary to such endorsement.

The trial court, in the findings of fact, found that in the suit by the customer against Newsom that the customer pleaded the assault in question was made by this plaintiff against the customer, intentionally and without justification or excuse. The customer, in the suit against Mr. Newsom, could not recover without showing Mr. Newsom committed some wrong toward him. Consequently, he pleaded Mr. Newsom made an assault upon him intentionally and without justification or excuse. Under the endorsement above mentioned, the appellant had not insured the appellee against such incident. Since the policy in question stated it did not apply under certain conditions, and those conditions were relied upon by the customer for his recovery, that was the only way the customer could recover from Newsom. The appellant here was under no obligation to defend the suit.

DENTON, Chief Justice (dissenting).

The majority opinion correctly states and follows the general rule that the obligation of a liability insurance company, under a policy provision requiring it to defend an action brought against the insured by a third party, is to be determined by the allegations in the third party's petition. However, the opinion ignores a very real and material distinction between those cases following the general rule and the instant case. In this case there is a conflict or variance between the facts as alleged in the third party's petition and the actual facts as known or ascertainable by the insurer.

The trial court found as a fact that the insurer " * * * well knew or was well advised in a timely and reliable manner that the assault in question was made by the customer and not by the plaintiff and that the plaintiff was in no way at fault or to blame for the occurrence in question." By brief, appellant concedes that this finding of the trial court is true. In my opinion this fact takes this case out of the general rule. I think it is significant that all cases cited in support of the majority opinion are cases in which there was no conflict between the facts as alleged in the petition and the actual facts. I therefore conclude those cases cited in the majority opinion are not controlling here.

This proposition is well stated in 50 A.L.R.2d 497 in the following language:

"The general rule to the effect that the determination of whether or not the claim made against the insured is one which by the terms of the contract the insurer is required to defendant depends upon the facts stated in the complaint or petition in the action against the insured is based upon the ordinary or typical situation in which there is no conflict between the facts as alleged in the petition and the actual facts as they are known to or ascertainable by the insurer. In other words, the general rule as stated above does not take into account the possibility that such a divergence may exist; in fact, the rule may affirmatively presuppose the absence thereof. Consequently, the cases supporting the rule are of hardly any value as authority in a situation where such divergence does exist."

As previously stated, it is conceded by appellant that in the instant case there is a conflict between the allegations in the third party's petition and the actual facts known. I do not think violence would be done to the record if it were said that appellant would also concede that it would have been under a duty to defend this suit against the

insured if the allegations had coincided with the actual facts. Only two Texas cases have passed directly on this question. Mass. Bonding & Ins. Co. v. Roessler (Civ. App.) 112 S.W.2d 275 (error dismissed); Trinity Universal Ins. Co. v. Bethancourt (Civ.App.) 331 S.W.2d 943 (no writ history). In the Roessler case, supra, the policy insured against liability for bodily injury or death accidentally suffered by anyone through the ownership, maintenance or use by the insured of certain designated premises. It contained an exception with respect to injuries to and death of the employees of the insured coming within the Workmen's Compensation Act. A petition in a death action against the insured alleged that the deceased had been employed by insured in the digging and hauling of gravel in connection with the premises described in the policy, and that deceased met his death through a cave-in in a gravel pit in which he had been required to work by the insured's foreman. The petition alleged certain acts of negligence on the part of the insured which resulted in the deceased's death, and further alleged that the insured had more than three employees but that no workmen's compensation insurance was carried as required by law. After receiving notice of this suit the insurer investigated the facts and discovered that all of insured's employees at the time in question were either farm or domestic laborers. The Workmen's Compensation Act would not require workmen's compensation insurance to be carried with respect to domestic or farm laborers no matter how many might be employed by a single employer. Despite knowledge of these facts the insurer refused to defend the death action. The Court of Civil Appeals held in this situation that the insurer could not rely on the allegations in the petition as justifying its refusal to defend that action. There the court held, "The appellant (insurer) had investigated and knew the facts * * * it knew appellee was preparing the premises for farm purposes and that all employees thereon were either domestic or farm laborers and

that he was not subject to the Workmen's Compensation Act. Under these conditions it could not ignore the Griffin suit because it contained an allegation to the contrary, especially when that allegation was clearly a conclusion of the pleader."

The Bethancourt case, supra, followed the Roessler case in holding that where there is a variance between the allegations and the known facts the rule is that in determining its duty to defend the insured in an action brought against him by a third party, the insurer should not look exclusively to the allegations but is also to be guided by the actual facts of which it has knowledge. I remain convinced these two cases state the law in this State under these circumstances. In my opinion there are no Texas cases holding to the contrary. It is my view that the Roessler and Bethancourt cases are not in conflict with the general rule as set out in the Baldwin Motor Company and Moritz cases and the other cases cited in the majority opinion. These two lines of cases are clearly distinguishable and each reached the proper result. Well reasoned decisions in other jurisdictions have followed the rule set out in the Roessler and Bethancourt cases. They include Marshall's U. S. Auto Supply v. Maryland Casualty Co., 354 Mo. 455, 189 S.W.2d 529; State ex rel. Inter-State Oil Co. v. Bland, 354 Mo. 622, 190 S.W.2d 227; United States Fidelity & Guaranty Co. v. Briscoe, 205 Okl. 618, 239 P.2d 754; Hardware Mutual Casualty Co. v. Hilderbrandt, C.A. 10th Okl., 119 F.2d 291; University Club v. American Mutual Liability Ins. Co., 124 Pa.Super. 480, 189 A. 534, in addition to McGettrick v. Fidelity & Casualty Co. of N. Y., supra, cited in the majority opinion.

This writer concedes that one pronouncement in the Bethancourt case was perhaps erroneous when it stated: " * * * we think the appellant (insurer) was under a duty to ascertain the facts of the alleged cause of action before declining to defend the suit." The result and reasoning of both the Bethancourt case and this dissenting opinion are not dependent on this holding.

This pronouncement was mere surplusage and did not affect the outcome of the case. In both the Bethancourt case and the Roessler case, and the instant case, the insurer did in fact know the actual facts which were in conflict with the pleadings.

For the reasons stated I would affirm the judgment of the trial court.