**U. S. FIDELITY & GUARANTY CO. v. BALDWIN MOTOR CO.**

No. 1188—5525.

Commission of Appeals of Texas, Section B.

Feb. 4, 1931.

Judgment of the district court and judgment of the Court of Civil Appeals both reversed, and judgment rendered for defendant.

Seay, Seay, Malone & Lipscomb, of Dallas, and Tomas G. Pollard, of Tyler, for plaintiff in error.

Edwards & Hughes, of Tyler, for defendant in error.

RYAN, J.

The Baldwin Motor Company brought this suit to recover attorneys' fees and expenses incurred in defending itself against a damage suit filed in the district court of Angelina county by the parents of Florine Eugenia Rogers, a child seven years of age, because of the child's death at Lufkin, in said county, on March 5, 1928, alleged to have been the result of the Baldwin Motor Company's negligence.

The Baldwin Motor Company carried a liability policy with the United States Fidelity & Guaranty Company.

Upon being sued, the motor company notified the insurer to defend the suit in accordance with the terms of the policy. The insurance company's contention was that the policy did not cover the accident in question, and it refused to defend the suit; whereupon the motor company, after employing attorneys and making an investigation, succeeded in having the Rogers suit dismissed.

The material portions of the policy are as follows:

"In consideration of the premium and subject to the terms, limits and conditions set forth herein, does hereby insure the assured, named and described as such in the schedule of Statements hereto, against liability for loss and/or expense, arising or resulting from claims upon the assured for damages in consequence of an accident occurring within the limits of the United States and Canada during the term of this policy resulting in

"Injury to Persons

"(A) Bodily injuries, or death resulting at any time therefrom, suffered by any person or persons, not herein excepted, and

"Damage to Property of Others.

"(B) Damage to or destruction of property, including the loss of use thereof, excepting property in the custody of the Assured and for which the Assured is legally responsible; or property carried in or on any automobile of the assured by reason of

"(1) The operation and/or maintenance of an Automobile Garage and/or sales agency and/or service station, including the repair shop, if any, conducted in connection therewith, all as located and described in the Schedule of Statements of this policy.

"(2) The ownership, maintenance, operation and/or use of any style, type or make of automobile, tractor or trailer by any person, not herein excepted, for any purpose, not herein excepted, incidental to the Assured's business of operating an Automobile Garage and/or sales agency and/or Service Station all as located and described in the Schedule of Statements of this policy, and for pleasure use, including the transportation or delivery of goods or merchandise for prospective customers as is strictly incidental to the demonstration and sale of automobiles.

"(3) The making of repairs and ordinary alterations (not of a structural character) for the maintenance of the described premises in good condition.

"(4) The renewal of existing mechanical equipment on the premises occupied by the Assured as herein described.

"Limits of Liability for Personal Injury

"The Company's liability to one or all Assureds under Clause A above is limited to five thousand dollars ($5,000.00) to any one person; and subject to the same limit for each person, the Company's total liability from loss from any one accident is limited to ten thousand dollars ($10,000.00).

"Limits of Liability for Property Damage

"The Company's liability to one or all Assureds under Clause B above on account of any one accident is limited to one thousand dollars ($1,000.00), irrespective of whether property of one or more than one person is damaged or destroyed.

"Defense of Suits

"In addition to the above, the Company does hereby agree

"(C) To defend, in the name and on behalf of the Assured any suit brought against the Assured to enforce a claim, whether groundless or not, on account of damages suffered or alleged to be suffered under the circumstances hereinabove described;

"Payment of Expenses

"(D) To pay the expenses incurred in defending any suit described in the preceding paragraph, also the interest on any judgment within the limits of the insurance hereby granted and any costs taxed against the Assured on account thereof;

"Reimbursement of Expenses

"(E) To reimburse the Assured for the expense incurred in providing such immediate surgical relief as is imperative at the time of any accident covered hereunder."

The statements as to location, addresses, and places of business are as follows:

"The following statements numbered one and nine, inclusive, are hereby made a part of this policy, and are warranted by the assured to be true by the acceptance of this policy:

"Schedule of Statements

"Statement 1. Name of Assured—The Baldwin Motor Company.

"Statement 2. Address of Assured—302 N. Broadway, Tyler, Texas.

"Statement 3. The Assured is corporation.

"Statement 4. Assured's interest in the premises is Lessee.

"Statement 5. The term of this policy begins at noon on the 10th day of July, 1927, and ends at noon on the 10th day of July, 1928, standard time.

### "Change in Limits

"Statement 6. In lieu of the limits of liability printed in the body of this policy, the following stated limits shall prevail:

"For public liability: First limit Five Thousand Dollars ($5,000.00).

"Second limit Ten Thousand Dollars ($10,-000.00).

"For property damage: Highest limit One Thousand Dollars ($1,000.00).

### "Premium Computation

"Statement 7.

years of age, or when used in any race or speed contest.

The petition by Mr. and Mrs. Rogers against the Baldwin Motor Company alleged that the Baldwin Motor Company was a domestic corporation, with principal office and place of business in Tyler, Smith county, Tex., with a local office and place of business and a local agency and agent in the city of Lufkin, Angelina county, Tex., where it was operating and doing business on the 5th day of March, 1928; that, on the date of the death of the girl, the Baldwin Motor Company was operating a garage and automobile sales agency in the City of Lufkin, and in the conduct of said business they employed certain agents and servants to carry on their business, among said employees being one Deloach O'Neil, a negro boy, fifteen years of age, who was in the performance of his duties to the Baldwin Motor Company at the time of the accident.

| Location Each Branch must be separately listed. | Estimated Annual Payroll of all Employees, active officers at $2,000.00. | Rate per $100.00 of Payroll | | | Premium |
|---|---|---|---|---|---|
| | | 1st. | 2nd. | 3rd. | |
| 320 N. Broadway 311 N. College St. Tyler, Texas. | $20,000.00 | Public Liability .45 Property Damage .30 | | | $ 90.00 . 60.00 |
| Nacogdoches, Texas. | $ 6,000.00 | Public Liability .45 Property Damage .30 | | | $ 27.00 18.00 |
| Henderson, Texas. Jacksonville, Texas. | $ 1,500.00 $ 4,500.00 | Public Liability .45 Property Damage .30 | .45 .30 | | $ 6.75 20.25 4.50 13.50 |
| | | Total Premium | | | $240.00 |

"The first rate shall be applied per $100.00 of payroll for the first $25,000.00 of annual payroll of each branch.

"The second rate shall be applied per $100.-00 of payroll in excess of $25,000.00 up to and including $50,000.00 annual payroll for each branch.

"The third rate shall be applied per $100.00 of payroll in excess of $50,000.00 annual payroll for each branch.

"Statement 8. The minimum annual premium for this policy is:

| | |
|---|---|
| Public Liability | $24.00 |
| Property damage | 14.00 |
| Total | $38.00" |

The policy also provided that it shall cover no liability of the assured for any injuries or damage caused by an automobile while being operated by any person under sixteen

The petition alleged that the negro boy, while in the company's employ and operating one of its automobiles, negligently ran over and killed the minor child of the plaintiffs therein; said negligence was predicated upon "one or more of the following acts of negligence of said employee, operating either singularly or concurrently to produce said injuries and death," viz.:

(a) Operating said automobile at a rate of speed of forty miles per hour, over a street in the city of Lufkin; (b) operating said automobile at a greater rate of speed than thirty-five miles per hour over a public highway, and at a greater rate of speed than twenty miles per hour within the corporate limits of an incorporated city; (c) the lack of adequate brakes; (d) driving on the extreme left-hand side of the street; and (e) the employment and retention in its employ of the said negro boy, only fifteen years of

age, with knowledge of the boy's ignorance and incompetence.

The defendant, U. S. Fidelity & Guaranty Company, pleaded the various provisions of the policy; its allegations, briefly outlined, being that the suit about which the plaintiff complained of said defendant's failure to defend was instituted in the district court of Angelina county, Tex., and alleged, and was predicated upon, the fact that the Baldwin Motor Company was operating an agency and place of business in Angelina county, Tex., to wit, a garage and auto sales agency, and that in the conduct of said business Deloach O'Neil, a negro boy, was in the performance of his duties at said Lufkin branch or agency. The defendant pleaded that the policy protected only the branches of the Baldwin Motor Company conducted at the places named in the policy, and at no other place; that the premium was based upon the pay roll of the employees at the places listed, and that the business of the Baldwin Motor Company located at Lufkin was not listed and not named in the policy, and neither was the pay roll listed or named; that the wages of the alleged employee, Deloach O'Neil, were not included nor premium paid thereon; that the policy did not cover the Baldwin Motor Company operating at Lufkin, and did not cover the acts of the said employee at Lufkin; that there was no duty upon it to defend the case. Also that the petition filed by Mr. and Mrs. Rogers alleged that Deloach O'Neil was fifteen years of age, and by the express terms of the policy it did not cover any damages occasioned by a person under sixteen years of age. The company further pleaded that the automobile which caused the injury was neither owned, maintained, operated, nor used by the Baldwin Motor Company incidental to its business of operating an automobile garage, sales agency, or service station, or for pleasure or for transportation and delivery of goods and merchandise for prospective customers, as was strictly incidental to the demonstration and sale of automobiles.

The case was tried by the court without a jury, resulting in a judgment for the plaintiff for $1,614.79, being expenses of $364.79 and attorney's fees of $1,250, incurred in the defense of the suit.

The judgment of the trial court was affirmed by the honorable Court of Civil Appeals. 18 S.W.(2d) 826.

The first proposition under plaintiff in error's first assignment of error in the Supreme Court (on which the writ was granted) is as follows: "Where a policy of insurance is limited to injuries or death, damages to or destruction of property, or the defense of a groundless suit incidental to the insured's business as located and designated in the policy, and where the policy expressly provides that it does not cover the acts of persons under 16 years of age, there is no duty upon the insurance company to defend a case wherein the petition alleges that the injuries grew out of the insured's operating a business at a place not designated in the insurance policy and by virtue of the acts of an employee of the insured at the alleged place who was under 16 years of age."

The second proposition under said first assignment is as follows: "There must exist some actual or alleged connection between the insured's business as designated in the policy and the suit brought against the assured, whether warranted or unwarranted, before there is any duty upon the insurance company to defend the case."

The third proposition under said first assignment is as follows: "Where a suit is brought against the insured in which it is alleged that the insured was operating a business in Lufkin, Texas, a place not designated in its policy, and had in its employ one Deloach O'Neil, under the age of 16 years (and the policy expressly provides that it does not cover the acts of persons under the age of 16 years), and negligence was predicated upon the acts of DeLoach O'Neil in the employ of the insured's business at Lufkin, and the insured's negligence in retaining in its employ said DeLoach O'Neil, there is no duty upon the part of the insurance company to defend such a suit under such a policy."

### Opinion.

While policies of insurance should be construed most favorably to the insured, they must not be so construed as to make a new contract in disregard of the plain and unambiguous language used. Where the language used is plain and unambiguous, courts must enforce the contract as made by the parties. East Texas Fire Insurance Co. v. Kempner, 87 Tex. 229, 27 S. W. 122, 47 Am. St. Rep. 99; Brown v. Insurance Co., 89 Tex. 590, 35 S. W. 1060; Maryland Casualty Co. v. Hudgins, 97 Tex. 124, 76 S. W. 745, 64 L. R. A. 349, 104 Am. St. Rep. 857, 1 Ann. Cas. 252; Continental Casualty Co. v. Wade, 101 Tex. 102, 105 S. W. 35; 14 R. C. L. p. 926.

The policy in question here insured against loss and expense for bodily injuries or death, and against damages or destruction of property, by reason of the operation and maintenance of an automobile garage, sales agency, or service station, including the repair shop, if any, in connection therewith, as located and described in the schedule of statements contained in the policy, and bound the insurer to defend suits brought against the assured to enforce a claim, whether groundless or not, on account of damages suffered or alleged to be suffered "under the circumstances hereinbefore described," which can mean only because of the operation and maintenance of a garage, sales agency, or service

station located and described in the policy, which does not include the city of Lufkin, in Angelina county.

The policy further provided that it did not cover injuries or damages caused by an automobile while being operated by any person under sixteen years of age.

The petition filed by Rogers in Angelina county, for the recovery of damages against the Baldwin Motor Company, alleged that it was operating a garage and automobile sales agency in the city of Lufkin, and had in its employ the negro boy, Deloach O'Neil, who was fifteen years of age, and whose negligence caused the death of the Rogers child.

The pleadings in the Rogers case did not present a cause of action which the insurance company was required to defend, under the terms of the policy.

The petition alleged the O'Neil boy to be under sixteen years of age. The policy expressly provided that it did not cover the acts of employees under that age. Of course, such a state of affairs would not have relieved the Baldwin Motor Company of liability, in tort, to the parents of the Rogers child, but did relieve the insurance company of liability, in contract, to the motor company.

The petition further alleged that O'Neil was employed by the motor company in connection with the particular agency or branch at Lufkin. This would not affect the liability of the motor company to the parents of the Rogers child, but the essence of the insurance company's contractual liability to the motor company is dependent upon the location of the garage and automobile agency at which O'Neil was employed.

By its contract of indemnity, the insurance company's liability was limited to operations out of Tyler, Nacogdoches, Henderson, and Jacksonville. As between the insurance company and the motor company, it was of no concern to the former how negligent the motor company's employees connected with its sales agency or plant at Lufkin were, because that was not included in the contract of insurance.

◼ The Rogers petition presented a clear case of liability against the Baldwin Motor Company, but the liability of the insurance company is not dependent upon any recovery Mr. and Mrs. Rogers might be entitled to, upon proof of any of the material facts they pleaded, but depended upon whether the averments in the petition showed a state of facts excepted from the hazards insured against in the policy. Tested by such averments, the insurance company could not be called upon to defend a petition which upon its face alleged a state of facts not covered, but excluded, by the policy.

◼ The insurance company, it is true, contracted to defend all, but only, suits covered by the policy, whether groundless or not. The policy makes this clear in paragraph (c):

"Whether groundless or not, on account of damages suffered or alleged to be suffered, under the circumstances hereinbefore described," which "circumstances" were confined to operations in, and growing out of, the company's plants in the cities of Tyler, Nacogdoches, Henderson, and Jacksonville, and did not include the city of Lufkin.

The liability of the insurance company for failure to defend the Rogers case could not be tested by whether or not Rogers could or could not have recovered against the Baldwin Motor Company under the pleadings in that case or the proof of all or a portion of the facts alleged. The liability of the Baldwin Motor Company to Rogers is based upon the common-law liability for negligence. The insurance company's obligation to defend or pay a judgment is based upon the contractual liability assumed by its policy. The insurance company expressly did not assume responsibility for injuries inflicted by agents or servants of the Baldwin Motor Company under sixteen years of age, regardless of where employed. It assumed responsibility only of a limited kind arising from the conduct of the Baldwin Motor Company's business at the four named places. It did not assume responsibility of any kind at any other place.

In this case, the court is not considering whether or not there was common-law liability on the part of the Baldwin Motor Company; it is considering whether or not the Rogers case was a cause of action the insurance company was required to defend for the Baldwin Motor Company.

The insurance company did not insure the Baldwin Motor Company against all character of liability for negligence of all its employees wherever located, or of any age, but wrote a policy against a certain sort of liability—the sort that arose from the operation of the Baldwin Motor Company's business at the places named, occasioned by employees over the age of sixteen years.

The pleadings and the facts in the Rogers case, although immaterial as between Rogers and the Baldwin Motor Company, disclosed two fatal defects to create liability on the part of the Insurance Company, to wit: The pleadings show that O'Neil was under sixteen years of age and in the employ of the Baldwin Motor Company's business at Lufkin —not covered by the policy. The actual facts show O'Neil was not an employee in any sense of the Baldwin Motor Company, was not and had never been connected directly, indirectly, or remotely with any business of the Baldwin Motor Company operated or maintained at the places named in the policy.

The contention of plaintiff in error must be sustained, for to do otherwise would be to read into the contract conditions and liabilities never agreed to nor contemplated by the parties to it, as evidenced by its written

terms. Interstate Casualty Co. v. Martin (Tex. Civ. App.) 234 S. W. 710.

We therefore recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and judgment be here rendered for plaintiff in error.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error.