### WEST TEXAS STONE CO. v. EMPLOYERS CASUALTY CO.

### No. 2438.

Court of Civil Appeals of Texas. Eastland.

Feb. 11, 1944.

Rehearing Denied March 3, 1944.

Smith & Smith, of Anson, for appellant.

McMahon, Springer & Smart, of Abilene, for appellee.

LESLIE, Chief Justice.

The plaintiff West Texas Stone Company, a corporation, sued Employers Casualty Company on alleged liability of the latter to pay off a judgment obtained against the former by Selman Mercer. In the trial court the Casualty Company urged two special exceptions to plaintiff's petition, which that court sustained, and on plaintiff's refusal to amend the court dismissed plaintiff's petition, and this appeal is to test the correctness of that ruling.

The facts out of which the litigation arises are in substance as follows:

On April 4, 1940, the Casualty Company issued said West Texas Stone Company a "Manufacturer's or Public Liability Policy." In the "Schedule of Statements" therein item 1 of the policy named the West Texas Stone Company, a corporation, as employer with Leuders, Texas, as business address; item 2 designated the term of insurance, and item 3 specified: "location of all factories, shops, yards, buildings, premises, or other work places of the employer, by town or city, with street numbers: Leuders or elsewhere in the State of Texas."

The policy was attached to plaintiff's petition and made part thereof. The Stone Company was alleged to be engaged in quarrying building stone at Leuders, Texas, cutting and polishing same. At the time it was preparing and delivering such stone for a building in Lubbock, Texas.

August 27, 1940, the Stone Company was engaged in transporting said stone by truck from Leuders to Lubbock. On reaching the town of Crosbyton, on the way to Lubbock, Texas, the driver stopped at a filling station to have his truck refueled. The station was operated by Selman Mercer, who, while refueling the truck, was injured by the motor's backfiring, and throwing gasoline upon said Mercer. Specifically the appellant alleged that while Selman Mercer "was attempting to aid plaintiff's employee and driver of said truck to start the same, after gasoline had been poured into the carburetor, the truck backfired and threw gasoline upon said Selman Mercer, the said Mercer's clothing being ignited and serious bodily injuries resulting." For the damages occasioned, Mercer filed suit in the District Court of Lubbock County against the Stone Company, and obtained a judgment for $1,-356, etc., which was affirmed on appeal.

In the instant suit the plaintiff Stone Company alleges the Casualty Company, al-

though requested to do so, neither investigated nor defended it against the Mercer cause of action, and that demand had been made upon the Casualty Company to pay said judgment ($1,356), costs, attorneys fees, etc., which the Casualty Company has failed and refused to do. "Hence, this suit was filed * * * upon the * * * liability of the insurance policy heretofore referred to", as alleged by plaintiff.

As stated, the policy is attached and made a part of the petition. Items 1, 2 and 3 of the "Schedule of Statements" have been set out above. Under the sub-head "Kind of trade, business, profession or occupation", the policy states that the business of the insured is quarries, including the operation of crushers, as well as stone cutting or polishing.

The insuring clause of the policy is as follows:

"Employers Casualty Company
(Hereinafter Called the Company)

"Does hereby agree with the Assured named in the Schedule of Statements, made a part hereof, in consideration of the payment of the premium and of the statements contained in the Schedule of Statements, subject to the terms, limits, provisions, conditions and exclusions of this policy:

"Agreements
"Insurance Coverage
"No. 1—Damages

"To insure the Assured against loss from liability imposed by law upon the Assured for damages on account of bodily injuries, including death resulting therefrom, accidently suffered by any person or persons not employed by the Assured, while upon the premises or upon the side-walks or other ways immediately adjacent thereto, provided for the use of the employees or the public, occupied by the Assured in the conduct of the trade or business of said Assured, and at places mentioned in the Schedule hereof * * *."

Paragraph 3 of the policy's "Exclusions" from liability reads as follows: "(3) Caused by reason of the ownership, maintenance or use of a vehicle of any description or of any draft of driving animal, elsewhere than within or upon the premises where the Assured's business is carried on, or premises upon which the Assured is performing construction work; or, caused at any location, by an aircraft; * * *."

As against the alleged facts and policy stipulation, the appellee urged special exception 1 as follows: "Said defendant specially excepts plaintiff's petition on file in this cause for the reason that it affirmatively appears from plaintiff's petition that the alleged injury sustained by Selman Mercer on or about August 27, 1940, occurred while the said Selman Mercer was servicing a truck belonging to plaintiff with gasoline and oil in the service station of the said Selman Mercer located in the town of Crosbyton, Crosby County, Texas; it further affirmatively appears from the exhibit attached to plaintiff's petition that the insurance coverage created by virtue of said policy insured plaintiff (subject to the terms, limits, privileges, conditions and exclusions of the policy) for damages on account of bodily injuries including death resulting therefrom, actually (accidently) suffered by any person or persons not employed by the assured while upon the premises or upon the sidewalks or other ways immediately adjacent thereto * * * occupied by the assured in the conduct of the trade or business of said assured; that it affirmatively appears that the alleged accident and damage sustained by the said Selman Mercer occurred in the filling station of the said Selman Mercer located in the town of Crosbyton, Crosby County, Texas, which, as a matter of law, could not constitute 'premises * * * occupied by the assured in the conduct of the trade or business of said assured,' and of this exception defendant prays judgment of the court."

Appellee's special exception No. 2 is as follows:

"Defendant further specially excepts to plaintiff's petition on file in this court for the further reason that it affirmatively appears from the exhibit attached to plaintiff's petition that said policy provides in paragraph 3 of the 'Exclusions' thereof, as follows:

"'This policy does not cover injuries and/or death * * * (3) caused by reason of the ownership, maintenance or use of a vehicle of any description or of any draft or driving animal elsewhere than within or upon the premises where the assured's business is carried on, or premises upon which the assured is performing construction work;'

"And it affirmatively appearing from the face of plaintiff's petition that the alleged accident and injury sustained by the said

Selman Mercer occurred to him while in his service station in Crosbyton, Crosby County, Texas, and arose out of the ownership, maintenance or use of a vehicle, to-wit a truck, by plaintiff. It affirmatively appears as a matter of law that the cause of action asserted in plaintiff's petition comes within the scope and limits of said exclusion; and of this exception defendant prays judgment of the court."

■ We readily reach the conclusion that the policy under consideration is plain and unambiguous in its terms. Item 3 therein under "Schedule of Statements" designates the location of all "factories, shops, yards, buildings, premises, or other work places of the employer" and in response to such designation same was fixed "Leuders or elsewhere in the State of Texas." The insurance clause relating to damages specifically stipulated that same covered liability for damages on account of bodily injuries "actually (accidentally) suffered by any person or persons not employed by the assured while upon the *premises* or upon the sidewalks or other ways immediately adjacent thereto * * * *occupied by the assured in the conduct of the trade or business of said assured and places mentioned in the schedule hereof."* (Italics ours.) *The policy did not cover injuries* and/or death *"caused by reason of the ownership,* maintenance, *or use of the vehicle* of any description * * * *elsewhere than within or upon the premises where the assured's business is carried on or premises upon which the assured is performing construction work,* etc." (Italics ours.)

Clearly and affirmatively it appears that the plaintiff's petition presents a cause of action which occurred to one not an employee of the company but at a place not within the meaning of section 1 of the insuring clause, in its relation to item 3 of the Schedule of Statements.

Special exception 2 raises the question that it affirmatively appears from plaintiff's petition that the damages, if any, sustained by Mercer, were "caused by reason of ownership, maintenance or use of a vehicle *elsewhere than within or upon premises where the assured's business is carried on, or premises upon which the assured is performing construction work."* (Italics ours.)

■ The trial court committed no error in sustaining these special exceptions and such ruling is warranted by the following authorities and those cited therein: Farmers Cooperative Society, etc., v. Maryland Casualty Co., Tex.Civ.App., 135 S.W.2d 1033; Maryland Casualty Co. v. Texas Fireproof Storage Co., Tex.Civ.App., 69 S.W.2d 826. See also, United States F. & G. Co. v. Baldwin Motor Co., Tex.Com.App., 34 S.W.2d 815. An insurer under such policy liability cannot be required to defend suit against insured in which the petition upon its face alleges a state of facts excluded from the policy coverage.

We have carefully considered appellant's contentions and, in light of the above conclusions, it becomes unnecessary to discuss the authorities relied on by appellant, since they are, in our opinion, rendered inapplicable by the established or stated facts of the case.

The plaintiff failing and refusing to amend after said exceptions were sustained, the trial court committed no error in dismissing plaintiff's petition.

For the reasons assigned, the judgment of the trial court is affirmed.