**AETNA CASUALTY AND SURETY COMPANY, Appellant**

v.

**HARVEY W. HOTTEL, INC., Appellee.**

No. 15991.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 27, 1961.

Decided March 30, 1961.

Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. Charles E.

Pledger, Jr., John F. Mahoney, Jr., and R. Harrison Pledger, Jr., Washington, D. C., were on the brief, for appellant.

Mr. M. J. Cuff, Hyattsville, Md., for appellee.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

Brandywine Corporation's complaint against Harvey W. Hottel, Inc., alleged that the defendant "installed" an air conditioning system in Brandywine Apartments; that the "system was subject to constant breakdown as a result of the negligent maintenance of said system by the defendant; major breakdowns occurring in June of 1954, August of 1954, June of 1955 and August of 1956"; that "In 1956 plaintiff paid defendant for the repairs necessitated by said major breakdowns the sum of $11,652.29"; and that "defendant negligently failed to take any steps to correct the cause of said major breakdowns but merely continued to repair the damage resulting therefrom."

Hottel filed a third-party complaint against Aetna Casualty and Surety Company alleging that Hottel's insurance in Aetna required Aetna to defend Hottel against Brandywine's claim and to pay any damages Brandywine might recover. The District Court granted Aetna's motion to sever this complaint and advance it for hearing; found that there were "ambiguities" in the insurance policy "which must be decided against the defendant" Aetna; determined that there was no just reason for delay in the entry of a final judgment; and directed entry of such a judgment in favor of Hottel and against Aetna. Aetna appeals.

We think the court erred. We agree that the policy contains ambiguities, but the parts of it on which this case turns seem to us unambiguous. The insurer agreed to defend any suit against the insured that alleged such injury as is covered by the policy. "Coverage B— Property Damage Liability" by its terms required Aetna "To pay on behalf of the Insured all sums which the Insured shall

become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident." But the terms of Coverage B cannot be applied in this case. The policy states certain "Exclusions", one of which is: "This Policy does not apply * * * (h) under Coverage B, to injury to or destruction of * * * any goods, products * * * manufactured, sold, handled or distributed * * * by the named Insured, or work completed by or for the named Insured out of which the accident arises * * *." Brandywine's complaint against Hottel alleges no injury to or destruction of any property except the air conditioning system which Hottel, the named insured, installed. If an "accident" within the meaning of Coverage B is alleged, which is quite doubtful, it "arises * * * out of" this property and is therefore within Exclusion clause (h).

Reversed.

Mr. Benedict P. Cottone, Washington, D. C., with whom Mr. Arthur Scheiner, Washington, D. C., was on the brief, for petitioner.

Mr. Max D. Paglin, now Gen. Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel of the Federal Communications Commission at the time the brief was filed, Richard M. Zwolinski, Counsel, Federal Communications Commission, Richard A. Solomon and Henry Geller, Attys., Dept. of Justice, were on the brief, for respondents.

Mr. Denis G. McInerney, New York City, with whom Messrs. Eugene F. Sikorovsky and Howard Monderer, Washington, D. C., were on the brief, for intervenor.

Before BAZELON, WASHINGTON and BURGER, Circuit Judges.