**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

**Art KNORPP, Sr., et al., Appellees.**

No. 7234.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 25, 1963.

Rehearing Denied June 17, 1963.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a suit brought by an assured, to-wit: Art Knorpp, Sr. and Art Knorpp, Jr., d/b/a Askco Steel Building Company, appellees, against their insurer, to-wit: Maryland Casualty Company, appellant, to recover the cost of defending and settling a suit brought against the assured by L. O. Weaks, a third party.

Prior to the institution of this suit appellees were sued by the third party, L. O. Weaks, in Cause No. 1694 in the 110th Judicial District Court of Briscoe County, Texas. Appellees called upon appellant to defend them and presented their pleadings

of the third party against appellees to the appellant.

Appellant refused to defend the cause on the grounds that the petition alleged a claim for which the policy did not furnish the appellees' coverage. Appellees retained their own attorneys and, at their own expense, defended and settled the suit brought by the third party. Subsequent to the disposition of the suit between appellant and third party, appellees brought suit against appellant to recover the cost of defense, together with the amount paid in settlement.

Both appellant and appellees moved for summary judgment and the trial court denied the motion of appellant and granted the motion of appellees rendering judgment in favor of appellees for $2,925. From that judgment appellant perfected this appeal.

■ By appellant's first point of error it is contended the trial court erred in considering the affidavit of Art Knorpp, Jr. in support of appellees' motion for summary judgment. We do not believe it necessary to pass upon this issue since we are of the opinion because of points two and three the case should be reversed and rendered. However, we are of the opinion the only things to consider herein are the petition on file in Cause No. 1694 above mentioned when this appellant refused to defend that suit and the insurance policy. Appellant's second and third points of error are as follows:

"SECOND POINT: The error of the Court in granting Plaintiffs' (Appellees') Motion for Summary Judgment since the policy of insurance in question does not as a matter of law, afford plaintiffs' coverage for the cause of action alleged in Third Party's Petition.

"THIRD POINT: The error of the Court in denying Defendant's (Appellant's) Motion for Summary Judgment, since the policy of insurance in question does not, as a matter of law, afford plaintiffs' coverage for the cause

of action alleged in Third Party's Petition."

■ L. O. Weaks, plaintiff in Cause No. 1694, alleged in his petition that he contracted with Clifford McNutt to construct a grain-type building and that thereafter it was apparent that McNutt would not be able to complete said building and that Askco Steel Building Company agreed to assume the responsibility of said contract and to complete the construction of said building, then further pleaded as follows:

"Plaintiff would show that the building was not completed by the deadline agreed on and some 18 days thereafter, defendants Hill and Askco stated that the building was completed to a point that plaintiff could begin storage of grain therein. Plaintiff began to do so. When the building was approximately one-fourth (¼) filled, the entire north end of said building collapsed and fell. Much of the grain that had been placed therein ran out onto the ground and could not be recovered. The remainder of the building is still standing though it is damaged and is completely unfit for grain storage purposes.",

then proceeded to plead his damages.

The policy of insurance upon which appellees sought to require appellant to defend the Weak's action against them was issued by this appellant. The policy provided:

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *."

■ This provision could be construed no other way than that the petition of the

plaintiff in Cause No. 1694 should allege such damages as was afforded under the policy before appellant had to defend the law suit. As to appellant having the right to look to the allegations of the plaintiff's petition in Cause No. 1694 to determine whether it was obligated to defend the suit, we believe we were correct in our holding in the case of Travelers Insurance Company v. Newsom, Tex.Civ.App., 352 S.W.2d 888 where we held as follows:

"The great weight of authority both in Texas and in most other jurisdictions has consistently held that in policies wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy, even though such suit may have been groundless, false, or fraudulent, *the test of the liability of the insurer to defendant depends upon the allegations of the plaintiff's petition.*[3] In an ex-

"3. Maryland Casualty Co. v. Moritz, Tex. Civ.App., 138 S.W.2d 1095 (writ refused); Farmers Cooperative Soc. No. 1 of Quanah v. Maryland Casualty Co., Tex.Civ.App., 135 S.W.2d 1033 (NWH); West Texas Stone Co. v. Employers Casualty Co., Tex.Civ.App., 178 S.W.2d 168 (refused W.M.); U. S. Fidelity & Guaranty Co. v. Baldwin Motor Co., 34 S.W.2d 815 (Com.App.); General Insurance Corp. v. Harris [Tex.Civ.App.], 327 S.W.2d 651 (N.W. H.); Soper v. Fidelity & Casualty Co. of New York, 198 Misc. 1117, 101 N.Y. S.2d 581; Boyle v. National Casualty So. [Co.], D.C.Mun.App., 84 A.2d 614; MacDonald v. United Pacific Insurance Co., 210 Or. 395, 311 P.2d 425 (Sup. Court of Oregon); Hardware Mutual Casualty Co. v. Schantz, 186 F.2d 868 (5 Cir.).

haustive search of all jurisdictions this writer has found but few exceptions to the rule just announced.[4]

"4. Trinity Universal Insurance Co. v. Bethancourt, Tex.Civ.App., 331 S.W.2d 943 (N.W.H.), and the Roessler [Massachusetts Bonding & Insurance Co. v. Roessler, Tex.Civ.App., 112 S.W.2d 275] case therein cited; McGettrick v. Fidelity & Casualty Co. of New York,

264 F.2d 883 (2 Cir.); cases cited from Missouri and Pennsylvania in the dissenting opinion."

The hazards insured against under the policy here in question were under divisions one and three of the policy and are as follows:

"Division 1—Premises—Operations: The ownership, maintenance or use of premises, and all operations. Division 3—Independent Contractors: Operations performed for the named insured by independent contractors and general supervision thereof by the named insured, if the accident occurs in the course of such operations, other than (a) maintenance and repairs at premises owned by or rented to the named insured and (b) structural alterations at such premises which do not involve changing the size of or moving buildings or other structures."

The pleadings in the case of Weaks v. McNutt et al. in Cause No. 1694 did not present a cause of action which the insurance company was required to defend under the terms of the policy as provided under divisions one and three. These provisions protect the appellees as to damages happening at their place of business and not for damages happening to someone else caused by the appellees at some other place as alleged in third party's suit. The insurance company's obligation to defend or pay judgment is based upon the contractual liability assumed under the terms of its policy. U. S. Fidelity & Guaranty Co. v. Baldwin Motor Co., 34 S.W.2d 815 (Com.App. judgment rendered by Sup.Ct.).

Since there were no pleadings in Cause No. 1694 as to require this appellant to answer and defend that suit under its policy of insurance, it was under no obligation to do so. Judgment of the trial court is reversed and rendered for appellant and that appellees recover nothing.

## ON MOTION FOR REHEARING

In Appellees' Motion for Rehearing they have misinterpreted the meaning sought to be conveyed in the court's opinion. Probably the misinterpretation was caused by the inability of the writer to properly express the principle involved. We held the only things to be considered were the petition on file in Cause No. 1694 and the insurance policy. The policy required, as shown in the opinion, the appellant was to defend any suit against the insured alleging such matters as afforded by the policy. Any and all insurance coverage under the policy was as specified under Divisions 1 and 3. We held the pleadings in Cause No. 1694 did not present a cause of action which the insurance company was required to defend under the terms of the policy as provided under Divisions 1 and 3. We further held: "These provisions protect the appellees as to damages happening at their place of business and not for damages happening to someone else caused by the appellees at some other place as alleged in third party's suit." If we had intended to hold the policy did not cover damages happening to someone else caused by the appellees at some other place, we would never have added "as alleged in third party's suit." Instead, we would have said these provisions protect the appellees as to damages happening at their place of business but not for damages happening to someone else caused by the appellees at some other place. We considered this as further explanation of the preceding sentence where we held the pleadings in Cause No. 1694 did not present a cause of action which the insurance company was required to defend under the terms of the policy as provided under Divisions 1 and 3.

As further explanation of the holding of the court, the final paragraph provides as follows: "Since there were no pleadings in Cause No. 1694 as to require this appellant to answer and defend that suit under its policy of insurance, it was under no obligation to do so."

Appellees' motion for rehearing is overruled.

CHAPMAN, Justice (concurring).

Believing that all parties are entitled to more elaboration on both the facts and the legal problems involved than has been made in the original opinion announced herein, I respectfully file the following opinion in which I concur with the result reached in the opinion by my associate.

The assureds, Art Knorpp, Sr. and Art Knorpp, Jr. d/b/a Askco Steel Building Company, appellees, brought this suit against the insurer, Maryland Casualty Company, to recover the costs expended by them in defending and settling an action brought against them by a third party, L. O. Weaks, growing out of the erection of a steel grain storage building for the Third Party Plaintiff in Briscoe County.

Appellees had purchased a Schedule Manufacturers' and Contractors' Liability Policy of insurance from Maryland Casualty Company covering the period from March 5, 1960 to March 5, 1961. Weaks had first contracted with Clifford McNutt for the building but when it became apparent McNutt would not be able to complete the job appellees assumed the responsibility thereof. The allegations of Third Party Plaintiff through his "Exhibit A" attached thereto indicate appellee had sold, handled, and distributed the building in the first instance and the policy of insurance states the business of appellees was "Sale of Metal Building Kits."

After the grain storage failed, spilling the grain outside, Third Party Plaintiff on December 12, 1960, filed suit for damages against appellees here and Clifford McNutt, Ray Hill d/b/a Ray Hill Construction Company, who did the construction work, and the Trim-Steel Building Company. On January 11, 1961, Third Party Plaintiff's first amended petition was filed.

The record indicates appellant was furnished with copies of the Third Party Plain-

tiff's pleadings and that on May 12, 1961, appellant refused to defend the cause on the grounds that Third Party Plaintiff's allegations asserted a claim for which the policy did not furnish appellees coverage. Both appellant and appellees moved for summary judgment. The trial court denied appellant's motion and granted appellees' judgment for $750 paid in settlement of the claim of Third Party Plaintiff, for $175 for court costs and expenses attendant upon the defense and for $2,000 attorney's fees. Judgment was rendered for $2,925 with interest from the date of judgment at the rate of 6 per cent per annum. Thus, the question before this court is whether the policy of insurance in question did or did not afford appellees coverage for the suit alleged in the Third Party Plaintiff's allegations. Appellant's position is that it did not and it claims error of the trial court in considering Art Knorpp, Jr.'s affidavit in arriving at the judgment rendered.

Under the Insuring Agreements provision of the policy applicable to this suit the contract provides: "With respect to such insurance as is afforded by this policy * * for property damage liability, the company shall: (a) defend any suit against the insured. *alleging* such injury * * * or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *."

Emphases shown herein are ours unless otherwise designated.

■■■■ This court in Travelers Insurance Company v. Newsom, Tex.Civ.App., 352 S.W.2d 888, in which there was a strong dissent, held, in construing a policy with the exact same language, that the test of liability of the insurer to defend any suit alleging damages within the terms of the policy depends upon the allegations of the Third Party Plaintiff's petition because that was the contract between the parties. An application for writ was refused, no reversible error. That case had specifically overruled a previous holding by our court

to the effect that the insurer is under obligation to ascertain the facts before declining to defend and may not depend alone upon the contract between the parties and the allegations in the Third Party Plaintiff's petition. So, we feel we may safely follow the Newsom case as authority on this question and therefore hold the court was in error in considering the affidavit of one of the assureds in determining whether the insurance company was obligated to defend the Third Party action wherein the affidavit was contrary to the Third Party pleadings or more favorable to affiant than such pleadings. To sustain or reverse the summary judgment we must then consider if the policy of insurance, as a matter of law, did or did not afford appellees coverage for the cause of action asserted in Third Party Plaintiff's allegations.

For appellant to be able to determine if it was obligated to defend the Third Party action, it was incumbent upon it to make a decision as to whether Third Party Plaintiff's allegations asserted a cause of action for property damage liability afforded by the policy,[1] even if such allegations were groundless, false or fraudulent. Of course such decision had to be made at its peril. Travelers Insurance Co. v. Newsom, supra. After alleging his contract for the building with McNutt, McNutt's inability to complete it, appellees' assumption of the contract for McNutt and their failure to complete it by the deadline agreed upon, Third Party Plaintiff then alleged that some 18 days thereafter appellees stated to him the building was completed to a point that Third Party Plaintiff could begin storage of grain therein and that when he had it about one-fourth (¼) filled the entire north end collapsed and fell. Allegations were then made for violation of warranties of merchantability, of fitness for the purposes sold, and of good workman-like construction, for which breach of implied and express warranties appellees, defendants there, were jointly and severally liable.

---

1. No "Bodily Injury Liability" was involved in the Third Party action.

Alternatively, he alleged in his original petition that the defendants in the Third Party action were negligent in failing to install correct bracing of the north wall and that these failures were the proximate cause of the collapse. In his first amended petition he alleged the defendants there were negligent in furnishing defective materials for the construction of the building. Though refusal to defend was made prior to Third Party Plaintiff's second amended petition his allegations were changed in that pleading, in so far as material here, only as to a somewhat different set of negligent acts. Thus, we believe it fair to say that in Cause No. 1694, Third Party Plaintiff sought to recover against appellees for (1) violation of implied and express warranties of merchantability and fitness of the building in question, and (2) negligent construction by appellees or their agents, servants, or employees, which negligence proximately caused the failure of the building after Third Party Plaintiff had been informed by appellees that the building was ready for grain storage. A duplicate exhibit policy of the contract between appellant and appellees is before us as part of the record. A study of that policy reflects that under the policy "Definition of Hazards" appellees purchased coverage only under "Division 1-Premises-Operations" and "Division 3-Independent Contractors." Appellant has not briefed coverage under "Division 3-Independent Contractors", stating appellees in the trial court had not contended for coverage thereunder. Therefore, I shall not devote any special discussion to that division here as I do not consider it necessary to a proper disposition of the case.

Even if it should be said that the allegations of Third Party Plaintiff bring appellees' coverage under "Division 4-Products-Completed Operations" under the policy "Definition of Hazards" appellant was still not obligated to defend under those allegations because appellees did not purchase that hazard and because the "Exclusions" portion of the policy specifically provides:

"This policy does not apply:

"(c) under division 1 of the Definition of Hazards * * * to * * * (2) the Products-Completed Operations Hazards."

In a careful study of the policy it is obvious that the various categories of hazards in the policy are drafted so as to be mutually exclusive in order not to overlap in premiums and coverage. As shown in the above quote, "Premises-Operations" under "Division 1" of "Definition of Hazards" in the policy has to do with those operations before completion; that is, "the ownership maintenance or use of premises, and all operations", meaning operations during the construction or installations. Whereas, "Division 4-Products-Completed Operations" has to do with liability after relinquished for use. As shown above in the "Exclusions" and also as shown on the face of the policy, appellees did not purchase coverage under "Products-Completed Operations". If they had wished coverage for liability for damages growing out of failures occurring after operations had been completed at the place of occurrence and away from premises owned, rented or controlled by the insured, they should have purchased coverage under Hazard 4. Pan American Insurance Co. v. Cooper Butane Co., 157 Tex. 102, 300 S.W.2d 651. This they did not do.

Also, under "Exclusion L" the policy contract eliminates coverage against property damage liability for injury to or destruction of any goods, products or containers manufactured, sold, handled or distributed by the named insured, that alphabet letter of the exclusions providing:

"This policy does not apply

"(L) under coverage B and D, to injury to or destruction of * * * (4) any goods, products or containers thereof manufactured, sold, handled or distributed * * * by the named insured, or work completed by or for the named insured, out of which the accident arises;"

We believe it is without question in the record made by Third Party Plaintiff's allegations that the building in question constituted goods or products manufactured, sold, handled or distributed by appellees. Weak's complaint alleges injury to or destruction only of the steel granary and therefore appears to be also within Exclusion (L). Aetna Casualty and Surety Co. v. Harvey W. Hottel, Inc., 110 U.S.App.D. C. 80, 289 F.2d 457.

Additionally, the separate categories being mutually exclusive, coverage is not afforded under "Division 1-Premises-Operations" *if the basis upon which liability is asserted occurred after operations were relinquished for use* because such coverage under the policy is afforded under "Division 4-Products-Completed Operations," a category not purchased. Had the building not been relinquished for use the accident would not have occurred because storage would not have begun in the building. After all, it was built for storage and appellees released it for that purpose.

From what I have said, a cursory study of the policy in question might indicate the appellees paid for coverage and did not get any. As indicated in appellant's brief, the policy is not designed for reading to relax the mind. However, a careful study of the form and design of the policy reveals that it was written to cover, among others, two particular situations. First, that which arises when an accident occurs while the assured is engaged in the actual work of the business for which he has purchased coverage. Having purchased coverage under "Division 1-Premises-Operations" appellees would have had coverage thereunder for an accident up to the point of relinquishment for use. The second situation is when an accident arises after the assured has completed his work and due to some negligent operation on his part damages are suffered by a third party. If the assured had purchased coverage under "Division 4-Products-Completed Operations" he would have had protection for such a situation, though the obligation to defend was de-

pendent upon the policy provisions purchased and the allegations of such action, and not on pleadings of or statements by the assureds. Travelers Ins. Co. v. Newsom, supra.

In this case the building had been relinquished by appellees for use, whether rightfully or wrongfully. The Third Party was using it when it collapsed from what Third Party Plaintiff alleged was original negligent erection of the building. Thus, they would have been covered had they purchased coverage under "Division 4", but since it had been relinquished for use they did not have coverage under "Division 1-Premises-Operations."

For all the reasons stated and under the authorities cited, I concur in the result reached in the original opinion to the effect that the trial court was in error and that summary judgment should have been granted for appellant rather than appellees.

DENTON, Chief Justice.

I am in agreement with the opinion of Associate Justice CHAPMAN.