IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Brief November 6, 2003

## AMERICAN INDEMNITY COMPANY v. IRON CITY LUMBER & PALLET, INC., ET AL.

**Direct Appeal from the Chancery Court for Lawrence County**
**No. 10405-01     Robert L. Holloway, Jr., Judge**

-------

**No. M2002-00650-COA-R3-CV - Filed March 4, 2003**

-------

This case involves an insurance company's appeal of the trial court's decision that the company has a duty to defend its insured under a commercial general liability policy. Applying Texas law, we find that no such duty exists and, accordingly, reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Parks T. Chastain and Gordon C. Aulgur, Nashville, Tennessee, for the appellant, American Indemnity Company.

Randy Hillhouse, Lawrenceburg, Tennessee, for the appellee, Iron City Lumber & Pallet, Inc.

W. Charles Doerflinger, Lawrenceburg, Tennessee, for the appellee, All Weigh Scale, Inc.

### OPINION

This is a coverage dispute involving a commercial general liability policy (the "Policy") provided by Appellant, American Indemnity Company ("American"), to one of the Appellees, Mark Beard d/b/a Precision Weighing Systems ("Beard"). The Appellees contend that, pursuant to the Policy, American was under a contractual duty to defend Beard in a lawsuit brought against Beard, et al., by Iron City Lumber & Pallet , Inc. ("Iron City"). American, by contrast, denies that the claims asserted by Iron City fell within the scope of coverage of the Policy and asserts that it was not obligated to afford Beard a defense against Iron City's action.

The underlying lawsuit arose out of a contract between Iron City and All Weigh Scale, Inc. ("All Weigh"), for the installation of truck scales to weigh trucks loaded with logs. All

Weigh in turn hired Beard to install the scales. Beard's initial installation resulted in problems with the scales necessitating a work stoppage of six (6) days in order to attempt repairs. This initial repair attempt was apparently unsuccessful and another work stoppage, this one approximating fifty (50) days, was required to ultimately correct the problem.

Iron City subsequently filed suit against All Weigh and Beard, seeking recovery "for an amount to cover the lost income of plaintiff for being shut down while the scales were out of operation, for the lost business caused by the faulty scales, and for the expense of hauling off debris before the scales were fixed, for a total not to exceed SEVENTY FIVE THOUSAND ($75,000) DOLLARS. . . ." Beard, upon receipt of the complaint, requested that American defend and/or indemnify him in connection with the suit. American notified Beard that it would defend the allegations of the complaint under reservation of rights. Beard declined this offer and American again offered to defend under reservation of rights. American subsequently filed a Complaint for Declaratory Judgment asking the court to declare whether American owed Beard a duty to defend and indemnify under the terms of the policy. The complaint named Iron City, All Weigh, Beard in his individual capacity, and Beard d/b/a Precision Weighing Systems as Defendants. American moved for default judgment against All Weigh and Beard[1] for failure to timely file an answer. The motion was granted as to Beard.[2] American then moved for summary judgment as to the remaining defendants, Iron City and All Weigh based on a lack of duty to defend Beard. The court denied this motion. American then filed a motion seeking permission for an interlocutory appeal with the trial court. The trial court denied this motion. American then filed an application for extraordinary appeal with this court, which was also denied. American then filed a motion for final judgment to be entered on its complaint for declaratory judgment. The trial court granted this motion, making the determination that American owed a duty to defend Beard a final order pursuant to Tenn. R. Civ. P. 54.02. American subsequently perfected this appeal pursuant to Tenn. R. App. P. 3.

### *Standard of Review*

"Insurance policies are contracts subject to interpretation under general contract principles[,]" *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 203 (Tex. 1998), and "[t]he interpretation of contractual language is a question of law . . . not a fact issue." *Faust v. Pumpco, Inc.*, 57 S.W.3d 620, 624 (Tex. App. 2001). Accordingly, we conduct our review *de novo,* as questions of law are reviewed as such, with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

---

[1]Individually and d/b/a Precision Weighing Systems.

[2]Individually and d/b/a Precision Weighing Systems.

-2-

### The "Eight Corners" Rule

As stated in the trial court's order denying summary judgment, the parties agree that Texas substantive law applies under the facts of this case, as the policy was issued and delivered in Texas. *See Standard Fire Ins. Co. v. Chester-O'Donley and Assoc.'s, Inc.*, 972 S.W.2d 1, 5 (Tenn. Ct. App. 1998). In order

> [t]o determine an insurer's duty to defend, Texas courts follow the "eight corners" rule. *See National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997); *Texas Prop. & Cas. Ins. Guar. Ass'n v. Southwest Aggregates, Inc.*, 982 S.W.2d 600, 604 (Tex.App.-Austin 1998, no pet.) (citing *American Alliance Ins. Co. v. Frito-Lay, Inc.*, 788 S.W.2d 152, 153-54 (Tex.App.-Dallas 1990, writ dism'd)). Pursuant to the rule, we consider only the allegations in the underlying complaint and the terms of the insurance policy to determine whether a duty to defend exists, giving the allegations in the petition a liberal interpretation and resolving any doubt in favor of the insured. *McCarthy Bros. Co. v. Continental Lloyds Ins. Co.*, 7 S.W.3d 725, 728 (Tex.App.-Austin 1999, no pet.) (citing *Merchants Fast Motor Lines*, 939 S.W.2d at 141). "The duty to defend is not affected by the facts of the case ascertained before, during, or after the suit." *Cullen/Frost Bank of Dallas, N.A. v. Commonwealth Lloyd's Ins. Co.*, 852 S.W.2d 252, 255 (Tex.App.-Dallas 1993, writ denied). Nor do we consider the reliability of the allegations in the underlying pleadings. *Id.* If the underlying petition does not allege facts within the scope of coverage, the insurer has no duty to defend. *Id.* Once coverage has been found for any portion of a suit, an insurer must defend the entire suit. *St. Paul Ins. Co. v. Texas Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex.App.- Austin 1999, pet. denied). Therefore, to determine whether [American] has a duty to defend [Beard], we consider only the allegations in the underlying petitions and the provisions of the insurance policies.

*CU Lloyd's of Texas and Potomac Ins. Co. of Illinois v. Main Street Homes, Inc.*, 79 S.W.3d 687, 692 (Tex. App. 2002).

### The Policy

The policy at issue included "Products-completed operations hazard" coverage. This coverage "includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except: (1) Products that are still in your physical possession; or (2) Work that has not yet been completed or abandoned." The policy goes on to state that "'[y]our work' will be deemed completed at the earliest of the following times: . . . (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the

same project."[3]  Of particular relevance to the issue at hand is the immediately following statement that "[w]ork that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed."  As the underlying complaint alleges that the damages sustained were due to the necessity to repair the scales, it is clear that if coverage exists, it stems from the "Products-completed operations hazard" coverage.[4]

### *Trial Court's Order*

Apparently recognizing this fact, the trial court, in its order denying summary judgment, stated that "[v]iewing the terms of the contract in the light most favorable to the Respondents, there appears to be a genuine issue of material fact as to whether or not the 'Products-Completed Operations' section of the policy provides coverage for the damages sustained by Iron City."  We disagree.

The underlying complaint seeks

> a Judgment against defendants, jointly and severally, for an amount to cover the ***lost income*** of plaintiff for being shut down while the scales were out of operation, for the ***lost business*** caused by the faulty scales, and for the ***expense of hauling off debris*** before the scales were fixed . . . . (emphasis added).

As noted, the "Products-Completed Operations" policy provision provides coverage for "property damage," which is defined within the policy as follows:

'Property damage' means:
  a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b.  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it.

---

[3] As this provision applies to the facts presented, we find it unnecessary to list the other two circumstances under which the work will be deemed completed.

[4] Such coverage applies only after the insured has completed his work. ***See Maryland Cas. Co. v. Knorpp***, 370 S.W.2d 898, 904 (Tex. Civ. App. 1963).  If the Policy had not contained this coverage, then American's duty to defend would have ceased at the completion of the work, for "the obligation to defend . . .depend[s] upon the policy provisions purchased, and the allegations of [the underlying complaint] . . . ." ***Id.***

*Allegations Contained in the Complaint as they Relate to the Policy*

The underlying complaint clearly fails to meet the first definition of "Property Damage." The complaint, on its face, does not claim "physical injury to tangible property." To the contrary, the damages claimed, and the relief sought in the underlying complaint represent only economic damages; damages which Texas courts have held not to fall within the definition of "property damage"as that term is used in standard liability insurance policies. ***See State Farm Lloyds v. Kessler***, 932 S.W.2d 732, 737 (Tex. App. 1996). Simply put, "[i]n Texas, economic damages are not property damages as defined by liability insurance policies." ***Id.*** at 737. Accordingly, "as the [underlying] claim involves only economic loss and not property damage, it does not subject [Appellant] to any obligation to provide a defense to its insured." ***Gibson & Assoc.'s, Inc. v. Home Ins. Co.***, 966 F. Supp. 468 (N.D. Tex. 1997) (applying Texas law).

Nor can the insured rely upon the second definition of "Property Damage" provided in the policy, for "the plain meaning of the insurance contract phrase, 'the loss of use of tangible property,' does not include economic loss, i.e., the loss of . . . profits." ***Houston Petroleum Co. v. Highlands Ins. Co.***, 830 S.W.2d 153, 156 (Tex. App. 1990). Additionally, this definition clearly requires an "occurrence" as a prerequisite to a finding of "property damage." The policy provides that "'[o]ccurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Assuming, arguendo, that the resulting damages claimed by Iron City are the result of an "occurrence," as that term is defined in the policy, thus resulting in "property damage" under the "loss of use of tangible property that is not physically injured" definition, coverage would still be lacking, however, as the only loss of use claimed is the loss of use of the scale itself.

The underlying complaint alleges that "[t]he defendant, MARK BEARD, improperly installed the scales so that they ultimately failed and could not be used causing plaintiff to shut down in [sic] his sawmill operation for repairs for six (6) days." The complaint further alleges that the defendant attempted to repair the scales, but that "the scales were still not installed properly or designed properly and they again failed causing plaintiff's operation to cease." Plaintiff claimed that as a result of this second failure that the "sawmill was closed down for approximately (50) days." The policy at issue provides two exclusions which make it clear that "property damage" to the scales themselves, including damages stemming from loss of use of the scales, is not covered.

The first pertinent exclusion provides that "'[p]roperty damage' ***to 'your product'*** arising out of it or any part of it[,]" is not covered under the policy. The policy defines "your product" as "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by . . . [y]ou . . . ." In this case Mr. Beard would have "handled" the scales in the process of installing, as well as attempting to repair them, therefore, they would fall within the definition of "your product" and any "property damage" to the scale would not be covered by the policy.

The second exclusion provides that "'[p]roperty damage' *to 'your work'* arising out of it or any part of it and included in the 'products completed operations hazard'.[sic]"[5] The policy defines "your work" as "[w]ork or operations performed by you or on your behalf; and . . . [m]aterials, parts or equipment furnished in connection with such work or operations." The scales which Mr. Beard installed were "equipment furnished in connection with" "work or operations performed by [him]" and thus meet the foregoing definition of "your work." Accordingly, as "property damage" to "your work" is excluded by the policy, any "property damage" to the scale, including loss of use, is not covered by the policy.

Plaintiff's underlying complaint seeks recovery for lost revenue, which is the direct result of the loss of use of the scale. Loss of use of the scale is, however, merely an element of damage to the scale itself. *See Employers Cas. Co. v. Brown-McKee, Inc.*, 430 S.W.2d 21, 27 (Tex. Civ. App. 1968) (finding that, where plaintiff was unable to use a grain storage elevator due to faulty workmanship and sued for revenue lost due to the inability to store grain in the elevator, that the damages claimed were "not . . . for damages to the grain - - it is for lost storage revenue, which, in effect, is for the loss of use of the elevator. . . . [L]oss of use of the elevator is merely an element of damage to the elevator . . . ."). As noted, damage to the scale itself is excluded from coverage under both the "your work" and "your product" exceptions to coverage for "property damage." Accordingly, the complaint fails to show that a duty to defend exists.

### *Estoppel*

Appellees contend that American should be estopped from denying coverage because All Weigh required proof of insurance from Beard prior to entering into the contract for installation of the scale. This argument is without merit, for "[t]he doctrines of waiver or estoppel cannot enlarge or extend coverage as defined in an insurance contract; such an application exceeds the function of those doctrines." *Brownsville Fabrics, Inc. v. Gulf Ins. Co.*, 550 S.W.2d 332, 340 (Tex. Civ. App. 1977). As we have already found that coverage is not provided for within the policy, estoppel may not be used to create such.

### *Conclusion*

For the reasons set forth in this opinion, we find that the Appellant has no duty to defend under the subject policy. Accordingly, the judgment of the trial court is reversed. Costs of this appeal are taxed to Appellees for which execution, if necessary, may issue.

_____
DAVID R. FARMER, JUDGE

---

[5]The "'Products-completed operations hazard' includes all . . . 'property damage' occurring away from the premises you own or rent and *arising out of* 'your product' or 'your work'. . . ." When read in concert with the "your product" and "your work" exclusions, it is clear that this coverage does not extend to damage to "your product" or "your work," but only to other "property damage."